87   355
f135  184

---

THE STATE OF IOWA *ex rel.* ANNA CLIFTON, Appellee, v. WALTER GRANGER, Appellant.

1. **Bastardy:** EVIDENCE OF PATERNITY. In a proceeding under the bastardy act, the prosecutrix was asked, on cross-examination, whether, about sixteen months prior to the time the child was begotten, she did not go into a barn, between two and three o'clock in the morning, with a certain unmarried man. *Held,* that the question was properly excluded, in the absence of any evidence, adduced or promised, to show that the man referred to was acquainted with the prosecutrix, and that his acquaintance continued up to the time the child was begotten, from which a presumption might arise that he was the father of it.

2. ————: FLIGHT AS EVIDENCE OF PATERNITY. The flight of one who might be the father of a bastard child, but who is not accused thereof, is no evidence that he is its father, and it is not admissible on behalf of another, who is the defendant in a bastardy proceeding, to raise a presumption against his own guilt.

3. **Special Interrogatories:** DUTY TO SUBMIT. The court is not required to submit to the jury special interrogatories which do not call for a finding of ultimate facts.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, JANUARY 28, 1893.

PROCEEDING under the bastardy act. From a verdict of guilty, and a judgment for maintenance, the defendant appeals.—*Affirmed.*

*S. H. Cochran*, for appellant.

*John Y. Stone*, Attorney General, *John A. Berry*, County Attorney, and *Joe H. Smith*, for appellee.

KINNE, J.—I. Anna Clifton is the mother of a bastard child born July 22, 1890. The jury found that

1. BASTARDY: evidence of paternity.

the defendant was the father of said child, and the usual order for its maintenance by the defendant was made.

On cross-examination the complainant was asked this question: "Did you go into a barn, between two and three o'clock in the morning, in the month of August, 1888, with an unmarried man by the name of Mike Goodwin?" An objection was sustained to the question as immaterial. The defendant claims the question was material, and relies on *State v. Borie*, 79 Iowa, 606; *State v. Karver*, 65 Iowa, 53; *State v. Woodworth*, 65 Iowa, 141.

In the first case cited, it had been shown that one Damon, with whom the prosecutrix, years before, had a marriage engagement, was in her company just prior to the time she alleged the child was begotten. She was then asked if seven or eight years before she was with Damon at a hotel, locked in a room. The testimony was excluded, and this court held it error. The holding was based on the facts of the renewal of the intimacies just prior to the conception of the child. In the *Karver case* certain testimony touching the complainant's leaving the defendant's house on account of imprudent acts with another man was erroneously excluded; the court holding that the circumstances were such as not to preclude the possibility that the person referred to was the father of the child. In the *Woodworth case* it appeared that the prosecutrix was the mother of two bastard children, and she was asked who was the father of the first one. It was held error

not to permit the witness to answer the question. The fact that she had had intercourse once with another man than the accused was proper to be shown, as a circumstance in corroboration of the defendant; especially so, if it be shown that this other man's intimacies and opportunities continued until the child was begotten.

A careful examination of those cases clearly shows that the facts in each were widely different from those in the case at bar. In this case it is not shown that the prosecutrix was acquainted with Goodwin, or ever saw him. There is no evidence that such a man had an existence, in fact. The circumstance inquired about occurred, if at all, nearly sixteen months prior to the time the child was begotten; and no evidence is adduced, and none promised, to show that Goodwin was acquainted with Anna Clifton, and that his acquaintance continued up to the time her child was begotten, from which a presumption might arise that Goodwin was the father of it. Counsel say that Goodwin lived near the prosecutrix, and had better opportunities for intercourse with her than defendant had. We fail to find anything in the record showing where he lived, or that he ever knew the prosecutrix. Under the facts disclosed in the record, the testimony was properly excluded. *Masters v. Marsh*, 19 Neb. 458, 27 N. W. Rep. 438.

II. It is insisted that the court erred in excluding the testimony of Mrs. Granger touching the reason why

2. ——: flight as evidence of paternity.

one Taylor, who was working at Granger's and who defendant claimed was intimate with prosecutrix, had left her place. These questions do not indicate to what time they related, nor do we think that flight, in such a case, is any evidence of guilt. *Hopkins v. Mathias*, 66 Iowa, 335.

III. Error is also assigned on the court's refusal to submit special interrogatories asked by the defend-

3. SPECIAL inter-    ant to the jury.   We can not set these
rogatories:
duty to          out, but each and all of them were prop-
submit.          erly refused.   They did not ask for ulti-
mate facts.   Kinne, Pleading, Practice & Forms, sec-
tion 550.

IV.   We have carefully examined the instructions
asked and refused, and those given, and discover no
error.   We think, also, that the evidence fully sus-
tained the verdict.   AFFIRMED.