# THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

# LOUIS CHRISTMAN.

1. BASTARDY—*preponderance of evidence sufficient to convict.* A proceeding for bastardy being in effect a civil proceeding, though criminal in form, it is not essential to a conviction that the evidence of guilt should exclude every reasonable doubt, but a preponderance of the proof will be sufficient.

2. SAME—*judgment construed.* Where the defendant, in a prosecution for bastardy, on being found guilty, was adjudged to pay the several installments of money and the costs, and to "execute a proper and sufficient bond for the payment of the judgment herein in due form of law": *Held*, that the judgment required the defendant to give bond for the installments only, and not for the costs of the suit.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. C. A. LAKE, and Mr. M. B. WRIGHT, for the plaintiff in error.

Mr. W. BUSHNELL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a prosecution on a charge of bastardy, where a verdict and judgment were rendered against the defendant, from which he has appealed.

It is urged that the verdict was against the evidence. After a careful examination of the testimony, we find that it sustains the verdict, and that there is no sufficient ground for disturbing the finding of the jury upon the evidence.

We perceive no error in the instructions. It is objected to the first one, that it tells the jury they may convict on a preponderance of evidence. It has often been held by this court that the proceeding in question, though in form criminal, is, in effect, a civil proceeding, and that it is not essential to a conviction that the evidence of guilt should exclude every reasonable doubt, but that a preponderance of proof will be sufficient. *Mann* v. *The People*, 35 Ill. 467; *Maloney* v. *The People*, 38 ib. 62; *Allison* v. *The People*, 45 ib. 37.

It is objected to the form of the judgment, that it requires the defendant to give a bond for the payment of the costs of the suit, as well as for the payment of the installments for the support of the child. The defendant is adjudged to pay the several installments of money and the costs of the prosecution, and to " execute a proper and sufficient bond for the payment of the judgment herein in due form of law." The statute only requires the bond to be given for the payment of the installments of money adjudged to be paid, and we do not think the judgment should be construed as requiring anything more than the statute does, in this respect. We consider, then, that, under the judgment, the defendant is only required to give bond for the installments, and not for the costs of suit.

The judgment must be affirmed.

*Judgment affirmed.*