### STATE *vs.* HENRY F. BOWEN.

In bastardy proceedings the defendant may be convicted upon a preponderance of evidence. Such proceedings, in form criminal, are in effect civil.

Under Pub. Stat. R. I. cap. 73, it is not necessary, in instituting bastardy proceedings against a putative father, to charge in the complaint that the town of the mother's residence has incurred or become liable for, or will incur or become liable for, expenses arising from the child's birth or support.

After the defendant has been found to be the putative father, however, evidence that the town has incurred, or is liable to incur, such expenses must be produced before an order for payment can be made against the father. The town is only entitled to "indemnity for the past and security for the future."

EXCEPTIONS to the Court of Common Pleas.

*Providence, April* 14, 1883. PER CURIAM. This is a prosecution under Pub. Stat. R. I. cap. 73, to charge the defendant as the father of a bastard child. On the trial the court below instructed the jury that they could convict upon a preponderance of the evidence. The defendant excepted. We think the instruction was right. The proceeding, though in form criminal, is in effect civil, and therefore it is not necessary to conviction that the evidence should exclude every reasonable doubt, but a preponderance of proof is sufficient. The following cases, cited for the complainant, are precisely in point : *Semon* v. *The People*, 42 Mich. 141 ; *Levis* v. *The People*, 82 Ill. 104 ; *People* v. *Christman*, 66 Ill. 162 ; *Mann* v. *The People*, 35 Ill. 467. And see *State* v. *Sullivan*, 12 R. I. 212. *Exceptions overruled.*

After this opinion the case was remanded to the Court of Common Pleas. There the defendant moved in arrest of judgment

because the complaint and warrant did not set forth any cause of action, not alleging that the town was liable for the support of the child or for the expenses of the mother, nor alleging that the town had incurred, or was liable to incur, any expense for the child's support or in connection with its birth.

The motion was overruled and the defendant excepted.

The defendant then objected to the entry of any order of maintenance or payment by him until the plaintiff produced evidence to show that the town had incurred, or was liable to incur, expense arising from the birth and support of the child or from the mother's lying in.

The objection was overruled, an order of maintenance made without the production of such evidence, and the defendant excepted.

*Providence, April* 12, 1884.   DURFEE, C. J.   This is a prosecution for bastardy under Pub. Stat. R. I. cap. 73.   The prosecution was begun, after the child was born, in the Justice Court of the town of Warwick, and was carried by appeal to the Court of Common Pleas, where verdict was rendered against the respondent.   The respondent moved in arrest of judgment because the complaint does not set forth that the town of Warwick is liable for the support of the child or for the lying in of the mother, or that the town has incurred, or is liable to incur, expense for either purpose.   The motion was overruled and exception taken.   We think the exception cannot be sustained.   The statute authorizes the prosecution whenever " any unmarried woman is found to be with child, or shall have been delivered of a child," on complaint by the Overseer of the Poor to the Justice Court of the town where she resides or belongs, in connection with her examination. The complaint here alleges that " Ellen F. Northup, an unmarried woman residing in said town of Warwick, was on the 16th day of October, A. D. 1881, at said Warwick, delivered of a bastard male child."   The examination of the woman follows and charges the respondent with being the father of the child.   The complaint and examination follow the statute, and are in the usual form. The motion in arrest seems to be based on the idea that the proceeding is not warranted unless the town either has incurred, or must necessarily incur, expense for the mother or child, and that it

must therefore be so alleged in the complaint. We think the idea is erroneous. The statute requires no such allegation. It apparently assumes that, if the mother belongs in the town or is resident there, the town may become chargeable, temporarily at least, and authorizes the institution of the proceeding, trusting that the Overseer of the Poor will not resort to it unless he has good reason to anticipate the need of it, the proceeding being in its design not only remedial, but likewise, and in a greater degree, precautionary. The question as to whether the town has incurred, or will incur, expense is reserved until after the trial of the charge made in the complaint and examination, the liability of the accused for the expense being a consequence of his conviction. There are two stages of the procedure. In the first, the question is whether the accused is the putative father of the child. The question may be tried to court or jury. If he is found to be the putative father, then the case passes to the second stage, in which the court is called upon to form the order, and, to that end, to ascertain what expenses the town has incurred, and will have to incur, charging the putative father accordingly. The first exception is therefore overruled.

The second exception is because the court, against the respondent's objection, entered an order charging him, without requiring the complainant to submit any evidence to show that the town either had incurred, or was liable to incur, any expense for the lying in of the mother or for the support of the child, the court being of the opinion that no such evidence was necessary. We think this was error. The statute expressly provides that the order, entered in the Justice Court, shall be that the respondent shall pay to the Overseer of the Poor, "by instalments or otherwise, such sums as shall, in the judgment of said court, be necessary to defray the expenses of the lying in of such woman and the support of said child, and the other expenses of said town in connection with said complaint, and the costs of said complaint." It is very clear from this that the order is to be for only so much as will be necessary to defray the expenses, past and prospective, which the town has incurred, or which it is or will become chargeable for. The town is only entitled to "indemnity for the past and security for the future;" and that with costs is all the Justice

Court can provide for in its order. The rule for the Court of Common Pleas on appeal is in our opinion the same. It is therefore obligatory on the court to have evidence unless the respondent consents to the order without it; for without it the court cannot know what sum is necessary for the reimbursement and security of the town. The order is in the nature of a judgment in a civil court, not of a sentence for crime.

The second exception is therefore sustained, and the cause remitted for rehearing on the order.        *Exceptions sustained.*

*Dexter B. Potter*, for plaintiff.

*Charles H. Page & Samuel W. K. Allen*, for defendant.