HOPKINS v. MATHIAS.

| 66 | 333 |
| 80 | 184 |
| 66 | 333 |
| 87 | 357 |
| 66 | 333 |
| 111 | 20 |

1. **Evidence**: MATERIALITY: COLLATERAL EVIDENCE MUST BE CONSIDERED. Where it was material to the defense to show that plaintiff was engaged in a certain questionable transaction, it was error to exclude the testimony of a witness as to the fact and character of the transaction, simply because he could not identify the plaintiff as one of the parties thereto, when the testimony of another witness tended to such identification.

2. **Seduction**: FLIGHT AS EVIDENCE OF GUILT: FACTS NOT CONSTITUTING: RULE IN CRIMINAL AND CIVIL CASES. In criminal cases, the rule is that flight, to be evidence of guilt, must follow immediately upon the accusation. Whether in a civil action flight is in any case evidence of guilt is questioned; but *held* that in this case, (a civil action,) where six weeks intervened between the time of the accusation and the alleged flight, the flight did not constitute any evidence of guilt.

3. ——: GUILT WITHOUT PATERNITY: INSTRUCTION AGAINST EVIDENCE. Where the evidence showed conclusively that if defendant seduced plaintiff he was the father of her child, it was error for the court to instruct the jury that, upon finding certain facts, they might find defendant guilty, even though they should fail to find that he was the father of the child.

4. ——: CHILD BORN DURING WEDLOCK: PRESUMPTION OF LEGITIMACY: BURDEN OF PROOF. The law presumes that children born during wedlock are legitimate, though begotten before wedlock. Hence, in an action by the wife for her seduction before her marriage, in which she charges that the defendant is the father of a child begotten before, but born after, her marriage, and the defendant alleges in answer that the child was begotten by her husband while he was her suitor, *held* that plaintiff had the burden to prove that her husband was not the father of the child. *State v. Romaine,* 58 Iowa, 46, followed.

5. ——: SUFFICIENCY OF SEDUCTIVE ARTS: QUESTION FOR JURY. In the absence of any claim or proof of a promise of marriage, the sufficiency of the promises and arts alleged to have been used by the defendant in accomplishing the seduction charged in this case should have been left to the jury, and should not have been determined by the instructions of the court.

*Appeal from Van Buren Circuit Court.*

FRIDAY, JUNE 5.

ACTION to recover damages sustained by the plaintiff

because of her seduction by the defendant. Trial by jury. Judgment for the plaintiff, and the defendant appeals.

*Lea, Wherry & Walker*, for appellant.

*Sloan, Work & Brown*, for appellee.

SEEVERS, J.—I. One Shafer was introduced as a witness by the defendant, and it was sought to prove by him acts and conduct on the part of the plaintiff which had a tendency to show that she was not of chaste character prior to the alleged seduction. This evidence, in our opinion, was both competent and material; but the evidence was also objected to because the plaintiff was not identified as being connected with the transaction sought to be established. The objection was sustained. It is true that the witness was unable to identify the plaintiff, but there was another witness, George Mathias, who did so far identify the plaintiff as being at the place when the transaction in question occurred, and as being in the company with the person whom the witness identified as being engaged in the questionable transaction with some female, as to require that the question of the identity of such female and the plaintiff should be submitted to the jury, and therefore the court erred in rejecting the proposed evidence. There was other evidence of the same character rejected; but we are unable to say that the court erred in this respect, because we cannot determine from the abstract that the evidence related to a time anterior to the alleged seduction.

*1. EVIDENCE: materiality: collateral evidence must be considered.*

II. There was evidence tending to prove that the defendant conveyed a portion of his property to his daughter, and left the state, in December, 1882. This evidence was objected to, but the objection was overruled. The appellee contends that the evidence was admissible as tending to show guilt; and the court instructed the jury that if they

*2. SEDUCTION: flight as evidence of guilt: facts not constituting: rule in criminal and civil cases.*

found that, as soon as defendant learned that he was accused of seducing the plaintiff, he changed his plans, disposed of his property at a sacrifice, and hastily left the state, such facts were proper to be considered by the jury in determining the question of the defendant's alleged guilt. That such is the rule in criminal cases will be conceded, but our attention has not been called to any authority which holds that such is the rule in civil cases. In criminal actions, the hasty flight upon being accused of a crime is admissible, we apprehend, on the ground that it tends to show that the accused is thereby seeking to escape prosecution and punishment for the crime. In such actions he can only be tried in the county and state where the crime was committed, and he cannot be tried there until he has been arrested, and ordinarily his personal presence is required at the trial. Not so in civil actions. They may be tried in the absence of the defendant from the state, if property has been attached, and such was the fact in this action. Ordinarily, civil actions are transitory, and may be brought in any state where the defendant can be found. We merely allude to these differences between civil and criminal actions, without determining whether the same rule should prevail in both, for the reason that it is deemed unnecessary to do so.

The rule in criminal actions, we believe, is, that the flight must be immediately after the accusation is made. It need not be instantly, but soon afterwards, so that it can be said that the flight was caused by the accusation. As we understand the record, Roswell Hopkins testified that he married the plaintiff on the seventh day of August, 1882, and that about three months thereafter he charged the defendant with being the father of her unborn child. This is the only evidence we are able to find which tends to show that the defendant was charged with the seduction of the plaintiff. It is true, there were rumors in the neighborhood possibly to that effect; but there is no evidence tending to show that he had knowledge of such rumors, unless it should be so infer-

red because, in the opinion of one or more witnesses, his appearance and looks were suspicious; that is to say, he seemed .to such witnesses to be nervous and apprehensive. But we think this evidence, in the absence of evidence showing that the defendant had knowledge that he was charged with seducing the plaintiff, was inadmissible. Conceding that he was so charged by Hopkins, the charge was made some six weeks prior to the supposed flight of the defendant. This, it seems to us, is too remote, and therefore the court erred in the instruction on this subject given to the jury.

III.   The plaintiff is the defendant's step-daughter. Her mother, the defendant's wife, died in February, 1881, and

3. ——: guilt without paternity: instruction against evidence. the plaintiff testified that she was seduced in the following April. The plaintiff, in August, 1881, was married to Roswell Hopkins. She was then pregnant, and she testified that no person other than the defendant had sexual intercourse with her prior to her marriage. The defendant testified that he never had sexual intercourse with the plaintiff. The court instructed the jury that if the plaintiff was of " previous chaste character, and that the defendant seduced her, then the defendant is liable in this action,     *     *     *     although you fail to find that the defendant was the father of plaintiff's child.     *     *     *     Keep this distinction well in your minds." As an abstract proposition this instruction may be correct; but, as applied to the facts of this case, we think it is misleading. The defendant must necessarily have been the father of the plaintiff's child, for the simple reason that no other person, according to her evidence, had sexual intercourse with her prior to her marriage. If she was seduced by the defendant, he was the father of her child.

IV.   The court instructed the jury in these words:

4. ——: child born during wedlock: presumption of legitimacy: burden of proof. " Defendant claims that prior to or about the time of the alleged seduction, plaintiff had sexual intercourse with her suitor, Roswell S. Hopkins, who afterwards became her husband. This

is denied by the plaintiff. The burden of proof is on the defendant to establish this charge by the weight or preponderance of the evidence. From all the evidence bearing on the point you will determine where the truth is as to this charge." In thus instructing the jury the court erred. The burden to establish the fact that plaintiff's husband did have sexual intercourse with her prior to their marriage was on the plaintiff, because of the presumption which prevails in favor of the legitimacy of all children born during wedlock. The defendant could well rely on this presumption, and, as the plaintiff claimed that her child was illegitimate, although so born, the burden to establish such fact was clearly on her. *State v. Romaine*, 58 Iowa, 46. This error is not cured by the eleventh instruction, conceding its correctness, for the reason that it is silent as to which party had the burden of proof.

V. The following instruction was given to the jury:

"No. 8. If you find from the evidence that plaintiff prior to and at the time of the alleged seduction was an unmarried woman of chaste character, and that she resided with defendant as his step-daughter, and as a member of his family, and that he assumed and exercised parental authority and control over her; and if you further find that on or about the twenty-sixth day of April, 1881, defendant told plaintiff that he was going away and would not be back until in the night, and for her to get into his bed and sleep with the little boy until his return, and that he would then wake her up; and if you find that defendant did this for the purpose of getting plaintiff into his bed in order that he might have sexual intercourse with her; and if you further find that defendant returned in the night-time and got into bed with plaintiff, and, when she attempted to get up, told her to lie still, and asked her to allow him to have sexual intercourse with her, telling her that no harm should come of it, that he would take care of her, or that if any harm happened to her she

*5. ——: sufficiency of seductive arts: question for jury.*

should have a home with him; and if you find that plaintiff was then only about fourteen years of age, and was in the habit of obeying defendant, and was afraid of offending him by disobedience; and if you further find that plaintiff was induced to and did yield to defendant, and allow him to have sexual intercourse with her because of the said artifice and promise of defendant, and did not voluntarily yield,—then defendant was guilty of seduction, and if you so find your verdict should be for plaintiff."

It will be observed that the jury were told that if they found the facts stated in the instructions to be true, then the defendant was guilty of seducing the plaintiff, as a matter of law. It is not claimed that her seduction was accomplished by means of a promise of marriage, but that other seductive arts were used, and promises made, and thereby such result was accomplished. In so instructing the jury the court erred. It may be true, where the seduction is accomplished by means of a promise of marriage, if the parties were competent to so contract, that the jury should be instructed, if they found that such promise had been made and relied on, that the defendant was guilty. But in this case we think the sufficiency of the promises made and arts used to accomplish the seduction was a fact to be found by the jury, and could not legally be determined by the court.

The foregoing views determine, we believe, the material errors discussed by counsel, and the result is that the judgment of the circuit court must be

REVERSED.

BECK., CH. J., *dissenting*.