PROVIDENCE..

GEORGE O. NELSON vs. EVERETT M. PIERCE.

At the trial of an action for seduction the plaintiff recovered a verdict. The only witnesses were the plaintiff's daughter who swore positively and circumstantially · to the defendant's guilt, and the defendant himself who swore as positively and circumstantially in denial of the charge.

*Held,* that the court would not disturb the verdict on the ground that the evidence was insufficient to sustain it, the case being peculiarly one for the determination of the jury who, having the witnesses before them, may have seen that in their conduct and appearance which entitled the plaintiff's witness to belief rather than the defendant.

When, in a civil suit, a criminal offence is charged in the pleadings, the offence need not be proved beyond a reasonable doubt. In civil actions all issues are to be decided in accordance with the preponderance of the evidence.

DEFENDANT'S petition for a new trial.

Trespass on the case for seduction. .

*March* 31, 1894. TILLINGHAST, J. The court is of the opinion that there is sufficient evidence in the case to sustain the verdict. The plaintiff's daughter testifies with much positiveness as to her seduction by the defendant, giving the time and place of the occurrence, together with the unfortunate condition in which she subsequently found herself; that she personally charged the defendant with being the father of her child, and asked him to assist her, which he did by giving her ten dollars and promising her more, together with other facts and circumstances tending to sustain the plaintiff's allegation. The defendant as positively denies the charge made against him, together with the said alleged assistance and promise of assistance, and produces evidence tending to sustain his denial. The case is therefore. one which it is peculiarly the province of the jury to determine. The witnesses were before them, and, as said by this court in *Kelley* v. *Brennan, ante,* p. 41, "There may have been that in the conduct or appearance of the plaintiff, or of the defendant, which in their judgment entitled her to belief rather than the defendant." And while there are circum-

stances connected with the case which might raise a probability that another man than the defendant was the guilty party, yet they are not. so strong and conclusive as to warrant the court in interfering with the verdict.

The point made by defendant's counsel that, "When in a civil suit a criminal offence is charged in the pleading, such offence must be proved beyond a reasonable doubt," is not in accordance with the uniform practice in this State, (*State* v. *Bowen*, 14 R. I. 165,) nor with the well settled rule of evidence generally. For while there are cases which uphold this doctrine, (see *Germania Fire Ins. Co.* v. *Klewer*, 129 Ill. 599, and cases cited,) yet the overwhelming weight of the authorities is to the effect that all issues of fact in a civil case are to be determined in accordance with the preponderance. or weight of the evidence. 3 Greenleaf on Evidence, 13th ed. § 29 ; 1 Rice on Evidence, § 89 *a* ; 2 Ib. § 321 *i.*

Matteson, C. J., dissenting as to the sufficiency of the evidence to sustain the verdict.

Petition for new trial denied and dismissed, and case remitted to the Common Pleas Division, with direction to enter judgment on the verdict.

*George J. West*, for plaintiff.

*Willard B. Tanner & Edward L. Gannon*, for defendant.