## STATE OF IOWA v. NARVE KNUTSON, Appellant.

91 549
95 391
91 549
106 128
91 549
115 172

**Seduction.** Defendant had intercourse with prosecutrix. This was discontinued for a year. On whether she lived a virtuous life during this year, the testimony conflicts. Thereafter, defendant entered her room and told her that if anything went wrong, he would marry her, whereupon she submitted to him. *Held*, that a conviction for seduction would not be disturbed.

**Corroboration.** Evidence that prosecutrix was at defendant's home, and that he admitted being the father of the child, is sufficient corroboration.

**Practice: Asking Instructions.** A failure to instruct will not reverse where no instructions were asked and the omission is not made a ground in the motion for new trial.

Same: Misconduct of Counsel can not be urged on appeal, where it is not preserved except by allegation in an overruled motion for new trial.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, OCTOBER 2, 1894.

THE defendant was convicted of the crime of seduction, and adjudged to be imprisoned in the state penitentiary at Anamosa for the term of eighteen months. From that judgment he appeals.—*Affirmed.*

*N. P. Hyatt* for appellant.

*John Y. Stone,* attorney general, and *Thomas A. Cheshire* for the state.

ROBINSON, J.—On the tenth day of June, 1892, Lena I. Severson, an unmarried woman, gave birth to a child. It is claimed by the state that she was seduced by defendant on the twenty-sixth day of the preceding October, and that he is the father of the child.

I. The appellant contends that the evidence was wholly insufficient to sustain a conviction. The facts which the jury were authorized to find proven were substantially as follows: The defendant and the prosecutrix grew up together, and have been acquainted with each other since they were children. For about six months in the year 1890, when she was sixteen years of age, he visited her every two weeks, and they talked of marriage, and indulged in sexual intercourse. At the end of six months, he discontinued his visits, and they had nothing to do with each other for a year, and during that time she led a virtuous life. On the day the seduction is alleged to have taken place, the defendant and his mother went for the prosecutrix to help the mother during a thresh-

ing, and she returned with them, and remained at the mother's house two days and one night. She had no conversation with the defendant during the first day, before retiring for the night, excepting in the presence of his mother, and nothing was said before that time about marriage. Upon going to the room assigned to her for the night, the prosecutrix locked the door, went to bed, and fell asleep. After a time she awoke, and found the defendant in her room. He said he would marry her; that she should be his girl again; she said she did not believe him. He said, if anything went wrong, he would marry her, and as a result of what he said, they there had sexual intercourse. It is claimed that she was unchaste at that time; that it was not shown that she had reformed, but that on the contrary it appeared that she had been guilty of grossly immoral conduct, not only with the defendant, but with other men. It is true, several witnesses testified to statements and acts of the prosecutrix which tended to show that her nature was depraved, and that she had conducted herself in a wanton and indecent manner. Other witnesses testified to having had sexual intercourse with her. But nearly all the matters thus testified to occurred before or during the time the defendant was visiting her in the year 1890. The larger part of this testimony is contradicted by her and by others in the most direct manner, and much of it is of a character to excite distrust of its truthfulness. The prosecutrix testified that she had never had sexual intercourse with anyone but the defendant, and the jury were authorized to find that this was true, and that she had reformed after the defendant discontinued his visits, in the year 1890, and was chaste when she went to his mother's home in the year 1891.

It is said that the promise of the defendant, which caused her to yield to him the last time, was conditional, and wholly insufficient to induce a

chaste woman to submit to sexual intercourse. It appears that several promises were made, and their effect upon the prosecutrix was for the jury to determine.

II. It is said the testimony of the prosecutrix is not corroborated by other evidence tending to connect the defendant with the commission of the offense charged, but that is erroneous. It is shown that she went with him and his mother to assist in threshing; that she was at the home of the mother while the threshing was being done; that he admitted, in effect, to two different persons, that the child was his; that its birth was premature. We are of the opinion that the corroboration is sufficient.

III. The appellant complains of several of the instructions given to the jury. We have examined them with care, and reach the conclusion that they were justified by the evidence, and that they correctly state the law applicable to the case. The defendant offered evidence for the purpose of impeaching one of the witnesses for the state, and now complains that the court failed to instruct the jury in regard to the effect of such evidence, and the weight which should have been given to it. There is nothing in the record to show that any instruction in regard to it was asked, and the omission to so instruct was not made a ground of the motion for a new trial, and, even if erroneous, can not be urged for the first time in this court.

IV. It is claimed that the county attorney was guilty of misconduct in introducing in evidence the child of the prosecutrix. Our attention has not been called to anything which shows that the child was introduced as evidence, or that it was seen by the jury during the trial. There is a statement in the motion for a new trial to the effect that the child was brought into the court room, and into the

presence of the jury, contrary to the order of the court; but nothing in the record sustains the statement, and we must presume that it was not correct, as the motion was overruled.

A careful examination of the entire record fails to disclose any sufficient reason for disturbing the judgment of the district court, and it is AFFIRMED.