## JACOB HAEISSIG v. MICHAEL DECKER.[1]

March 22, 1918.

No. 20,731.

**Evidence — when objection is too late.**

1. A party cannot complain of the reception, a second time, of evidence which he has once admitted without objection.

**Seduction — charge to jury proper.**

2. In an action by a father for damages for seduction of his daughter, it is proper to instruct the jury that if the daughter had at some time in her life been unchaste, but at the time of the alleged seduction she had reformed and had actually acquired the virtue of chastity, she was then a woman of previous chaste character. The evidence justified this instruction in this case.

**Same — damages not excessive.**

3. The damages are not excessive.

Action in the district court for Winona county to recover $5,000 for seduction. The case was tried before Granger, J., and a jury which returned a verdict for $1,500. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Tawney, Smith & Tawney* and *Henry M. Lamberton,* for appellant.
*Webber & Lees* and *C. A. Spencer,* for respondent.

HALLAM, J.

This is an action to recover damages for seduction of plaintiff's daughter 22 years old. Plaintiff and defendant are both farmers living in Winona county. The act was alleged to have been committed in February, 1916. The verdict was for plaintiff. The evidence is in conflict, but it is sufficient to sustain the verdict.

1. Defendant called a witness to prove that defendant's reputation for chastity was good. On cross-examination of this witness and later by cross-examination of defendant himself, plaintiff was permitted to offer

[1] Reported in 166 N. W. 1085.

proof that defendant, in November, 1916, married another woman, and that in March, 1917, she gave birth to a child. This is assigned as error. This objection is disposed of by the fact that, at the very outset of the case, substantially the same evidence was received without objection. At this point, defendant testified that he was married in November, 1916, and at the date of the trial, April 25, 1917, he was living on a farm with his wife and child.

The suggestion that this child may have been a child by a former marriage does not explain. The testimony in the case does not permit an inference that he was ever married before. Nor could it fairly be inferred that the child was the child of a man other than defendant.

Clearly defendant cannot complain of the reception a second time of evidence which he has once admitted without objection.

2. There was evidence that in 1912 plaintiff's daughter had illicit relations with a man other than defendant. The evidence was denied. The court charged the jury: "Even though you should find that the daughter had at some time in her life been unchaste, but, at the time of the intercourse with the defendant, she had reformed and actually acquired the virtue of chastity, she was then a woman of previous chaste character * * * for the law gives her an opportunity to repent and reform, and if that repentance is sincere and the reformation actual, she is then, in the eyes of the law at least, again a virtuous woman." The charge states a proposition that in the abstract is recognized as correct in law and morals. State v. Preuss, 112 Minn. 108, 127 N. W. 438. Seduction presupposes chastity, but it would not do to hold that chastity once lost can never be regained.

Defendant argues that there is no evidence that she had ever reformed. True, there is no direct evidence to that effect, for she denied altogether the alleged delinquency. But if the jury believed defendant's witnesses on this point we think there was evidence from which they might also find that she had reformed. For more than three years prior to the alleged seduction she had been living the life of the respectable young people of that community. She was received into their social circle and was part of their social activities. Her reputation was good enough so that defendant associated much with her, and, according to evidence of plaintiff's witnesses, promised to marry her. We think the jury

might find that, whatever her lapses in 1912, she was, in 1916, living a virtuous life.

3. The verdict was for $1,500. The court charged the jury that in assessing damages they might take into consideration the loss of the services of the daughter, the expenses connected with her confinement, the plaintiff's wounded feelings and mental anxiety, and the dishonor to the plaintiff and his family, and this was right. Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522. The damages are large. Plaintiff's pecuniary loss was small. His mental anguish would sustain substantial damages. The sting of disgrace was keen. And the case was one for punitive damages. Hein v. Holdridge, supra. The daughter's claim is that defendant encompassed her ruin through a promise of marriage. The consequences bear heavily upon defendant, but so they should. If the evidence on behalf of plaintiff is to be believed, defendant estimated much too lightly the sacredness of feminine honor.

Order affirmed.