(No. 5421. June 4, 1930.)

SOPHIA KRALICK, Respondent, v. FRED P. SHUTTLE-
WORTH, Appellant.

[289 Pac. 74.]

D. E. Rathbun and Tyler & Christensen, for Appellant.

428

B. H. Miller for Respondent.

VARIAN, J.—This is an action for damages for seduction. The complaint alleges that plaintiff, at the time of the offense complained of, was and now is a single woman of the age of twenty-one years; that on the twenty-third day of July, 1927, at Idaho Falls, Idaho, the defendant, with force and by flattery, false promises, artifice and urgent importunity based upon professions of attachment, made an inde-

cent assault upon plaintiff, and then and there seduced, debauched and carnally knew her; that by reason of said seduction she has been humiliated and distressed and has suffered great bodily and mental pain and anguish, all to her damage, etc. Defendant demurred generally to the complaint, which demurrer was overruled. Defendant answered, denying generally, and interposed a further defense setting up conspiracy and *res adjudicata*. On motion, the further defense was stricken, and leave granted to amend. Defendant then filed an amended answer, consisting of a general denial, allegations of conspiracy, and pleading *res adjudicata*. The trial resulted in a verdict for plaintiff for $3,000. Defendant moved for a new trial upon all of the statutory grounds. However, he failed to submit affidavits of newly discovered evidence, and the motion was heard upon the record, files and stenographic notes of the trial. Motion for a new trial was denied, and defendant appeals from the judgment and the order denying the motion.

At the hearing in this court respondent moved to dismiss the appeal, or affirm the judgment, upon the grounds that the arrangement of appellant's brief is not in strict compliance with the requirements of Rule 40 of this court, and the assignments of error are not sufficient. The brief is not a model to be followed, but sufficiently complies with the requirements of the rule. Some of the assignments of error are clearly insufficient under said rule, but appellant is entitled to be heard as to others, particularly that the court erred in refusing to grant a motion for a new trial, said motion specifying in what particulars the evidence was alleged to be insufficient to sustain the verdict. The motion will be denied.

Respondent also moved to strike from the transcript the motion to dismiss and the amended motion to dismiss the action, together with the exhibits 1, 2, 3 and 4, attached to said amended motion, upon the ground that they do not constitute a part of the judgment-roll and are not called for in the praecipe, and were inadvertently included in the transcript. The record shows that the transcript

was served on respondent's counsel, and that he made no objection thereto. It appears that the clerk treated the said papers as part of the judgment-roll, which they are not. (C. S., sec. 6901.) Having failed to object to their inclusion in the transcript at the time of settlement thereof, respondent cannot be heard to object thereto for the first time in this court.

In the judge's certificate of papers used on hearing of motion for a new trial, the motion to dismiss, amended motion to dismiss, and the court's order and ruling on said motion to dismiss, are enumerated as being so used by him. This is sufficient to bring the matters to the attention of this court, having been actually incorporated in the transcript without objection. Each of said motions is hereby denied.

After answering, defendant on June 9, 1928, filed a motion to dismiss this action, and on July 7, 1928, filed an amended motion to dismiss, which was denied by the court on July 13, 1928, which is assigned as error. The amended motion sets forth the action brought for seduction in the same court for acts occurring in 1925; the compromise agreement and stipulation and order of dismissal based thereon; the bringing of a subsequent action in the same court, for breach of promise of marriage, by plaintiff against defendant, based on the transaction between the parties on July 23, 1927, and the judgment entered thereon, a copy of which said judgment is attached as an exhibit to said motion; the theory of defendant being that the conclusion of said actions was *res adjudicata* in the present action and a bar to any recovery herein.

The plea of *res adjudicata* is in the nature of a plea in abatement, more properly a plea in bar. (34 C. J., pp. 1057, 1058.) Our statute does not recognize such pleas as separate pleadings (C. S., sec. 6683), and such defenses should be raised by answer as stating "new matter constituting a defense." (C. S., sec. 6694, as amended, Sess. Laws 1925, p. 12.) In any event the defense of *res adjudicata* cannot be raised by motion to dismiss. (34 C. J., p. 1058; *Attica State Bank v. Benson,* 8 Kan. App. 566, 54 Pac. 1037;

*Vyse v. Richards,* 208 Mich. 383, 175 N. W. 392; *Samples v. United Fuel Gas Co.,* 100 W. Va. 441, 130 S. E. 670; *International Ry. Co. v. Prendergast,* 29 Fed. (2d) 296.) The trial court was right in denying the amended motion.

■ ■ In the original answer, by way of further defense, defendant sought to allege a conspiracy between plaintiff and her father to defraud defendant, concluding with the following allegation: "Defendant alleges that the said plaintiff is not a chaste and, or, a virtuous woman but has been for years sleeping with the said Steve Kralick." On motion, all of the affirmative defense was stricken with leave to amend. Defendant subsequently amended, again charging conspiracy, but omitting any reference as to plaintiff's character. Want of chastity in the plaintiff at the time of the seduction is generally not a defense to the action. (*Smith v. Milburn,* 17 Iowa, 30; *Wilson v. Mangold,* 154 Iowa, 352, 134 N. W. 1072; *Olson v. Rice,* 140 Iowa, 630, 119 N. W. 84; *Robinson v. Powers,* 129 Ind. 480, 28 N. E. 1112), but may be shown by way of impeachment or in mitigation of damages. (*Robinson v. Powers, supra; Gemmill v. Brown,* 25 Ind. App. 6, 56 N. E. 691; *Hogan v. Cregan,* 29 N. Y. Super. Ct. (6 Rob.) 138; *Stoudt v. Shepherd,* 73 Mich. 588, 41 N. W. 696; *Love v. Masoner,* 6 Baxt. (Tenn.) 24, 32 Am. Rep. 522; 2 Jones on Evidence, 2d ed., p. 1222.) It will be noted that defendant does not plead that plaintiff was not a chaste woman at the time of the acts complained of, i. e., July 23, 1927, or that she had any illicit relation with her father at any time. The pleader insinuates there was but does not allege the fact definitely, or state when. The allegations were wholly insufficient.

■ In this connection, appellant also assigns as error the rejection of his offer to prove the general reputation of plaintiff in that vicinity "as to her habits and manner of talk and conversation, as to whether it is of a vulgar type or ladylike type." The court did not err in rejecting this offer of proof. Plaintiff's habits of speech were not involved, but her chastity or lack thereof on July 23, 1927, was provable. Defendant might show her general reputation

in that regard, which he did not attempt to do. Whether plaintiff's habits of talk were "vulgar" or "ladylike" was not an index of her reputation for lewdness or unchastity, and was immaterial. (See *Anderson v. Aupperle,* 51 Or. 556, 95 Pac. 330; *Badder v. Keefer,* 91 Mich. 611, 52 N. W. 60; *Fry v. Leslie,* 87 Va. 269, 12 S. E. 671.)

Though not formally set forth in his assignments of error, appellant in his third and fourth "propositions of law" urges that the court erred in not sustaining the defense of *res adjudicata.* There is no direct connection between the acts of the parties that transpired in 1925 and those occurring in 1927, on which the present action is based. The record shows that shortly after the conclusion of the criminal prosecutions against him, about December 17, 1925, defendant went to Arizona, and there remained until after the settlement of the civil actions for seduction and breach of promise of marriage based upon the happenings of 1925, and the dismissal of the actions pending in Arizona and Idaho. Plaintiff in the meantime remained in Idaho, and there is no evidence of any communication having passed between them during the period appellant was in Arizona. Their relations were completely broken off until after the return of appellant to Idaho in May, 1927, and were not renewed until July, 1927. Plaintiff testified in effect that the defendant then sought to renew the illicit relationship, informed her of his wealth, made protestations of affection, promised to marry her, get her a car, and take her to California to live, and set the day when they were to be married—September 6, 1927; that she felt disgraced by the prior happenings, and saw this way out of her unfortunate situation, and, relying upon his promise to marry her, again submitted to his lustful embraces on July 23, 1927.

While there are cases holding to the contrary, there is authority to the effect that where a woman herself sues for damages for her own seduction, the fact that she has been unchaste prior to the time defendant's act was committed is not a bar to a recovery. "A woman may be unchaste and then reform and lead a virtuous life, and if

she is then seduced, her seduction ought to be visited with such damages as a jury would think, under all the circumstances, the defendant ought to pay.'' (24 R. C. L., p. 737; 35 Cyc., pp. 1297, 1306; *Patterson v. Hayden,* 17 Or. 238, 11 Am. St. 822, 21 Pac. 129, 3 L. R. A. 539; *Franklin v. Mc-Corkle,* 16 Lea (Tenn.), 609, 57 Am. Rep. 244, 1 S. W. 250, *Hardin v. Davis,* 183 N. C. 46, 21 A. L. R. 302, 110 S. E. 602; *Phillips v. Ashworth,* (Ala.) 124 So. 519; *Houser v. Carmody,* 173 Mich. 121, 139 N. W. 9; *Haeissig v. Decker,* 139 Minn. 422, 166 N. W. 1085; *Gemmill v. Brown, supra.*)

Appellant contends that the same man cannot seduce the same woman twice, and cites as authority therefor those cases that hold that successive acts of sexual intercourse constitute but one seduction. (*Davis v. State,* 28 Ga. App. 372, 110 S. E. 922; *Hatton v. State,* 92 Miss. 651, 46 So. 708; *Gunder v. Tibbits,* 153 Ind. 591, 55 N. E. 762; *Davis v. Young,* 90 Tenn. 303, 16 S. W. 473; *Ferguson v. Moore,* 98 Tenn. 342, 39 S. W. 341; *Heggie v. Hayes,* 141 Tenn. 219, 3 A. L. R. 150, 208 S. W. 605.) The first two are criminal cases under statutes requiring the female to be chaste previous to intercourse with defendant, and in all of them there were successive acts of intercourse covering a period of time without any reformation or breaking off of relations between the parties. But even in criminal prosecutions it has been held that a man may be guilty of seducing a woman with whom he has previously had intercourse if she has reformed and is leading a chaste life. (See 35 Cyc., pp. 1332, 1333; *State v. Knutson,* 91 Iowa, 549, 60 N. W. 129.) A woman who has been unchaste may reform and be seduced by one who has not theretofore had intercourse with her. We can see no reason why, under the facts as shown by the evidence in the instant case, a woman might not be seduced a second time by the same man. And so it was held in *Baird v. Boehmer,* 77 Iowa, 622, 42 N. W. 454, *Fisher v. Bolton,* 148 Iowa, 652, 127 N. W. 979, and *Morgan v. Muench,* 181 Iowa, 719, 156 N. W. 819. Her motives, the probabilities of her believing the defendant's later promise to marry her, etc., are all matters to be presented

at the trial and argued to the jury. The jury are to say, from all the facts and circumstances in a given case, whether the plaintiff has reformed, if theretofore unchaste (*Dalman v. Koning,* 54 Mich. 320, 20 N. W. 61), and if she has in fact been seduced by the defendant a second time. (*Hopkins v. Mathias,* 66 Iowa, 333, 23 N. W. 732).

Appellant pleaded in his second answer, filed by leave of court on December 17, 1928, the first action for seduction, based upon acts of intercourse committed in 1925, as *res adjudicata* of the issues here. He did not plead any breach of promise action in bar, but now contends that there was an action for breach of promise of marriage, prosecuted by plaintiff against defendant, based upon the same transactions involved in the present action, i. e., events occurring in July, 1927. Counsel for both sides discuss the proposition at great length, and we are impelled to consider this phase briefly. It is not now contended that there was any action charging seduction, based on the intercourse of July, 1927, other than the present one.

An action for damages for breach of promise of marriage and an action for damages for seduction involve two separate and distinct remedies. The one is founded on contract, although closely approximating an action based on tort; the other is *ex delicto.* These two actions involve separate parts of what may be one transaction, and one is not necessarily a bar to the other. An action for damages for breach of promise to marry is a bar to an action for seduction based upon the same transaction only when the seduction is pleaded and proved in the action for breach of promise in aggravation of damages. When this occurs, the one action is made to accomplish the purposes of two, and complete relief is granted. (*Sheahan v. Barry,* 27 Mich. 217; *Lanigan v. Neely,* 4 Cal. App. 760, 89 Pac. 441; *Osmun v. Winters,* 25 Or. 260, 35 Pac. 250; *Rieger v. Abrams,* 98 Wash. 72, 167 Pac. 76, L. R. A. 1918A, 362, and note, p. 366; 24 R. C. L., pp. 749, 750.)

It will not be necessary for us to decide in the present case whether, under the pleadings, defendant can

raise the bar of the judgment in the breach of promise action, not having pleaded it, to defeat a recovery. There is no sufficient proof of the pendency of the said breach of promise action, or of any judgment being entered therein, or that plaintiff offered proof of her seduction in aggravation of damages therein. Counsel for defendant had what purported to be a complaint in civil action No. 3071, filed September 8, 1927, marked "Defendant's Exhibit 8" for identification, but it was never offered or received in evidence; and the copy of the judgment in said action, exhibit No. 3, attached to the amended motion to dismiss, is not part of the record that was before the jury at the trial. The proper way to prove the existence of a judgment is by the record or certified copy thereof. (*Larsen v. Roberts,* 32 Ida. 587 (592), 187 Pac. 941; 34 C. J., p. 1068.) The burden was on defendant to prove the existence and character of the judgment in the last action for breach of promise and its legal effect in relation to the matters alleged to be concluded by it. (34 C. J., p. 1067.) Having done neither, he has failed to prove a bar to the present action.

 In this connection, appellant attempts to assign as error the action of the trial court in not permitting him to prove by plaintiff that the last action for breach of promise was grounded upon the same state of facts as the present action. The assignment does not correctly refer to the record and is wholly insufficient to raise the point, and requires the reading of the entire record to ascertain to what appellant refers, which cannot be definitely determined even then. We assume that we have guessed counsel's intention, and find that the answer to the question was excluded because not proper cross-examination and for other reasons. The trial court's ruling was correct. The matter sought to be elicited from plaintiff was part of defendant's defense and could readily have been proven by other witnesses when he came to put on his own case. It was not proper cross-examination at the time, under the facts shown.

██ On cross-examination, defendant's counsel was examining the plaintiff as to certain testimony she gave in another action concerning a policeman who saw the parties prior to or about the time of the occurrence of the facts upon which this action is based, when the following colloquy occurred:

"Counsel: When did you arrange for the policeman to come over there?

"Witness: I don't know what date it was; but it wasn't on July 8th, the way you asked me.

"Q. What did you have him come over there for?"

The question was objected to as assuming a state of affairs not proven, the witness previously testifying she made no arrangement for a policeman to be present, and the objection was sustained by the court. The witness having denied in the present action that she made any such arrangement, the ruling was correct. Counsel was permitted to impeach the statement by the record in a former case, which at the time was as far as he was entitled to go.

Again, plaintiff's counsel objected to the following question as immaterial, which objection was sustained:

"Q. Oh, I see. Now, if you had had this long conversation on July 8th, and if you went to Mr. Shuttleworth's apartment on July 23d, 1927, and talked over old times, and he had intercourse with you, tell us why on August 5th you wrote him, and said you was writing him about old times?"

The letter begins: "Dear Fred: I am writing you about old times, and reminding you of your promise to marry me. If you had gone through with it, none of the things that happened later would have taken place," etc. The defendant introduced a letter of August 5, 1927, and examined the plaintiff at great length elsewhere in the record as to the circumstances under which it was written. The question was immaterial.

██ Appellant assigns the admission of plaintiff's exhibits "C" and "D" as error. Exhibit "C" is an original complaint, filed in the district court for Bonneville county,

charging the defendant with lewd cohabitation with the plaintiff between August 10, 1925, and August 24, 1925. Exhibit "D" is a judgment upon a plea of guilty entered on the same date the complaint was filed, assessing a fine of $300. Plaintiff also made similar proof, the offer of the judgment not being objected to, of his conviction, on a like plea, of the crime of fornication, committed with the plaintiff on May 23, 1925. The complaints and judgments were filed and entered in both cases on the same date, December 17, 1925. Prior to the offer of exhibits "C" and "D," defendant had introduced the complaint, dated September 1, 1925, and record of a preliminary examination held thereon, wherein defendant was charged by plaintiff with rape committed on or about August 10, 1925. After preliminary examination, defendant was discharged. In his affirmative defense, defendant alleged that the plaintiff, acting in conjunction with her father, pursuant to a conspiracy to procure money from defendant, caused a complaint to be filed in the probate court charging defendant with rape, which charges were false, and that numerous other complaints have been filed in pursuance of said conspiracy. We think these exhibits were admissible as tending to show the prior "relations between the parties" (*Baird v. Boehner, supra; Morgan v. Muench, supra*), and that defendant, while not guilty of the crime of rape, nevertheless was convicted of a crime involving illicit sexual intercourse committed with plaintiff on or about the same time. They further show that the prosecuting attorney signed the complaint, and not the plaintiff, which had a bearing on the question, perhaps, as to whether plaintiff and her father instigated the action. We fail to see, and counsel does not point out, where appellant was prejudiced by the admission of these exhibits.

Error is assigned in giving the following instruction:

"The court instructs you that even though you find from the evidence in this case that during the year 1925 there were acts of sexual intercourse between the plain-

tiff and defendant, that fact, if you find it to be a fact, would not preclude the plaintiff from recovering in this case, if you also find that during the interval between the asserted acts of sexual intercourse in the year 1925, and the alleged act of sexual intercourse in the year 1927, as alleged in the complaint, the plaintiff had reformed, and thereafter had led a virtuous life, and that during the absence of the defendant no one had had an act or acts of sexual intercourse with her. A woman of previous unchaste character may reform, and afterwards be seduced, and recover such damages as she may have sustained. All presumptions are in favor of a woman's chastity. Although a woman has once been unchaste she has a right to reform, and, if there has in fact been a reformation, she may again be the subject of seduction. So, if you find by the greater weight or preponderance of the evidence that prior to the time of the alleged seduction, the plaintiff had at one time lapsed from physical chastity, if it also appears affirmatively that she has reformed, and at the time of the alleged seduction maintained a habit of sexual virtue, she may be deemed chaste within the meaning of the law, so that an invasion of that virtue under false promises, artifice, professions of attachment, or urgent importunity would entitle her to an award of such damages, if any, as are shown by a preponderance of the evidence.''

It is contended that this instruction does not state the law applicable to this case, and that there is no evidence of reformation in the record. As stated, the general rule is that previous chastity is not necessary to enable plaintiff to maintain an action for damages for seduction. Evidence of her prior unchastity may be shown in mitigation of damages, by particular acts of intercourse with other men prior to the seduction (2 Jones on Evidence, 2d ed., p. 1222; 4 Chamberlayne on Modern Law of Evidence, sec. 3308; 1 Elliott on Evidence, sec. 171, p. 239; 3 Elliott on Evidence, sec. 2641; 5 Berryman's Sutherland on Damages, 4th ed., p. 4971; 35 Cyc., p. 1314; *Gemmill v. Brown, supra; Fry v. Leslie, supra*), and her general bad character for chastity

prior to her seduction may likewise be shown. (2 Jones on Evidence, 2d ed., p. 1222; 5 Berryman's Sutherland on Damages, 4th ed., sec. 1284, p. 4971; 35 Cyc., p. 1314; *Drish v. Davenport,* 2 Stew. (Ala.) 266.) It has also been said that evidence of unchastity of the woman may be admitted "as tending to show that she was not seduced; that she did not yield by reason of any influences, promises, arts or means brought to bear upon her by the man, but yielded on account of her own lust and want of chastity." (2 Jones on Evidence, 2d ed., p. 1223. See, also, 1 Elliott on Evidence, p. 234; *Robinson v. Powers, supra.*)

In a civil action, the chastity of the woman is presumed until the contrary is shown. (3 Elliott on Evidence, sec. 2632; 5 Nichols' Applied Evidence, p. 4217; 35 Cyc., pp. 1311, 1314; 24 R. C. L., p. 753; *Gemmill v. Brown,* supra; *Robinson v. Powers, supra; Dwire v. Stearns,* 44 N. D. 199, 172 N. W. 69; *Greenman v. O'Riley,* 144 Mich. 534, 115 Am. St. 466, 108 N. W. 421; *Rockwell v. Day,* 101 Wash. 580, 172 Pac. 754.)

As to the evidence, it appears that after the first relations between the parties in 1925, defendant left the state and went to Phoenix, Arizona, where he remained for at least a year and a half, returning in May, 1927. He did not again meet plaintiff until July of that year. During all the time defendant was in Arizona plaintiff remained in Idaho, except for a few days in May, 1927, when she was in Phoenix, where the settlement was made. She testified in effect that she had had sexual relations with no man except the defendant. There is no evidence of any unchastity on her part other than the intercourse in 1925 and 1927 with the defendant. Under the facts presented by this record, there is a presumption that plaintiff had reformed, a reasonable time having elapsed since her first acts of unchastity in 1925 with defendant, and the intercourse of July 23, 1927, upon which the present action is based. The burden of showing unchastity was on the defendant. (See *People v. Clark,* 33 Mich. 112; *Morgan v.*

*Muench, supra; State v. Knutson, supra; State v. Carron,* 18 Iowa, 372, 87 Am. Dec. 401.)

Appellant apparently is contending here that the rule (generally statutory) applied in most jurisdictions, in criminal prosecutions for seduction, that the prosecutrix must be shown to have been chaste before a prosecution will lie would also apply to a civil action for damages for seduction. Such is not the case in this state, for the criminal action is statutory, and the statutes provide that the woman seduced must have previously been chaste. (C. S., sec. 8267.) And the same is true as to requiring corroboration of the testimony of the prosecutrix. (C. S., sec. 8955.) No such rule is requisite in civil actions for damages. *(Olson v. Rice, supra; Hardin v. Davis, supra.)* In a civil action for damages for seduction, all that is necessary to sustain a recovery is that there be a preponderance of the evidence in favor of the plaintiff, as in other civil actions. (2 Chamberlayne on Modern Law of Evidence, sec. 998; *Nelson v. Pierce,* 18 R. I. 539, 28 Atl. 806.)

The instruction, read in connection with other instructions given by the trial judge, properly states the law of this case.

Appellant argues that because, during the former illicit relationship of the parties, in 1925, he gave respondent sums aggregating about $50 in money, she thereby accepted money for her favors, and was not entitled to maintain an action for seduction. This view entirely loses sight of any reformation having taken place since the first illicit relations, there being no evidence of his having given her any money in 1927.

Appellant urges that the evidence is insufficient to sustain the verdict. The evidence is conflicting. Defendant denies any intercourse with plaintiff in July, 1927, but admits having had sexual relations with her in 1925. He says she submitted to his embraces the first evening they met, in March, 1925. She denies this, and says her first intercourse took place later. The evidence shows that on December 17, 1925, the prosecuting attorney filed two crimi-

nal charges against appellant, one charging him with fornication committed with respondent on May 23, 1925, the other with lewd cohabitation likewise committed with respondent between August 10, 1925, and August 24, 1925, to both of which he pleaded guilty, and was fined on the same date. Thereafter, on December 19, 1925, respondent filed a complaint for damages for seduction against appellant. Later, a civil action, of like nature, was filed in the superior court of Maricopa county, Arizona, based upon the same transaction. These two civil actions were compromised by agreement dated May 4, 1927. There was a criminal action for rape also instituted in Bonneville county, Idaho, which resulted in the defendant not being bound over, as heretofore stated. The trial judge properly instructed the jury not to regard these actions on their merits or demerits, since they had all been fully settled, and that they were to be considered for the purpose only as they might affect the credibility of the witnesses, and the probability of the relations claimed to have existed by either of the parties to the action. (See *Baird v. Boehner, supra; Morgan v. Muench, supra.*)

The defendant in 1927 was about sixty-one years of age, a successful business man, divorced from his wife, and the father of five children. The evidence shows him to be fairly prosperous, with a keen, alert mind, presumably well versed in the ways of the world, and socially more or less prominent. On the other hand, the plaintiff was about twenty-one years of age, born in Sweden, and emigrating with her parents to this country when she was three years old. When she was thirteen, her mother died, and she resided with her father, three brothers and one sister on a farm. She never went beyond the fourth grade in school. From the testimony, she appears rather ignorant of the ways of the world, credulous, not capable of combatting the artifices made use of by defendant. Since each case must stand upon its particular facts in actions of this kind (24 R. C. L., p. 736; *Stoudt v. Shepherd, supra*), and no hard-and-fast rule obtains which furnishes a safe criterion by

which it can always be ascertained whether a particular state of facts constitutes seduction (*Bradshaw v. Jones,* 103 Tenn. 331, 76 Am. St. 655, 52 S. W. 1072; *Marshall v. Taylor,* 98 Cal. 55, 35 Am. St. 144, 32 Pac. 867), a minute discussion of the evidence would be of no benefit. What might be seduction in one case might, with an older woman, more mature mentally, of greater intelligence, education and experience, and under different circumstances, not constitute seduction. (*Rothwell v. Day, supra; Marshall v. Taylor, supra; Stoudt v. Shepherd, supra; Wilson v. Ensworth,* 85 Ind. 399; *Hawn v. Banghart,* 76 Iowa, 683, 14 Am. St. 261, 39 N. W. 251.) The disparity of the ages of the parties is always proper to be considered. (*Morgan v. Muench, supra.*) The most that can be said is that the evidence is conflicting on certain vital points, but there is sufficient testimony to sustain the verdict, which, under the practice, will not be disturbed. We do not think it appears from the record that the jury acted under passion or prejudice in view of the statute authorizing plaintiff to recover pecuniary or exemplary damages. (C. S., sec. 6641.) Under all the facts, the verdict is not excessive.

Judgment and order affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.