## COMMONWEALTH *vs.* OWEN MARTIN.

Plymouth. Oct. 15.— 28, 1878. AMES & ENDICOTT, JJ., absent.

In an indictment for manslaughter, an averment that the defendant committed the crime "in some way and manner, and by some means, instruments and weapons to the jurors unknown," is sufficient, when the circumstances of the case will not admit of greater certainty in stating the means of death.

If an indictment charges the defendant in one count with killing by a certain weapon, and in another count with killing by means and instruments to the grand jurors unknown, and at the trial the killing by the defendant is proved beyond a reasonable doubt, and there is no evidence of the particular means of death, the jury may convict on the latter count.

INDICTMENT, in two counts, for manslaughter. The first count charged that the defendant, at Brockton, on May 5, 1878, made an assault upon Jeremiah Kelleher with a hammer, causing the death of Kelleher. The second count alleged that the killing was caused by the defendant " in some way and manner, and by some means, instruments and weapons to the jurors unknown."

At the trial in the Superior Court, before *Brigham*, C. J., the government introduced evidence tending to show that Kelleher's death was caused by a blow upon the head with a hammer, or with some other weapon or instrument unknown, in the defend

ant's saloon, when the defendant with other persons was present, and that no one except the defendant was in a situation to do the injury. All the witnesses who testified for the Commonwealth at the trial had also testified before the grand jury which found this indictment, upon the same matter.

The defendant introduced evidence tending to show that the wound of which Kelleher died resulted from falling upon the floor, or striking against the counter while falling; that such falling was caused by a push given him by the defendant to prevent him from falling backward against the counter, and to save the counter from destruction, and to prevent Kelleher from being injured by so falling; and that no more force was used than was necessary to accomplish such purpose.

The defendant asked the judge to rule that, upon the evidence, the jury must be satisfied beyond a reasonable doubt that Kelleher was killed by a blow, or they must return a verdict of not guilty; that the jury, upon the evidence, must return a verdict of not guilty, upon the second count; and that there was a variance between the allegations in the second count and the evidence, and, for that reason, the jury must return a verdict of not guilty on the second count.

The judge declined so to rule, but instructed the jury as follows: " To convict the defendant, there must be evidence, beyond a reasonable doubt, that the defendant did some act of violence to the person of the deceased, which act was neither excusable nor justifiable, and caused the death of the deceased; that if such act of violence was done by the defendant, in the protection of his person or his property, when either was in danger of harm from the deceased, and for the purpose of repelling such harm, and such act was necessary and reasonable for that purpose, the defendant would not be responsible, under this indictment, for such act of violence, although it caused the death of the deceased; that if the jury were not convinced beyond a reasonable doubt that the defendant's acts of violence to the deceased were done without excuse or justification, by means of a hammer, and thus caused the death of the deceased, the defendant must be acquitted upon the first count of the indictment; that, failing to find the first count of tne indictment proved, as required by law, the jury might find the defendant guilty on the

second count, if the circumstances under which the deceased received the injury which caused his death admitted of no reasonable explanation, excepting that that injury was caused in the defendant's saloon, and by the defendant using some means, weapons or instruments for that purpose, of the precise character and description of which the trial offered no evidence, provided the defendant's use of such means, weapons or instruments was unnecessary or unreasonable for the protection of his person or property."

The jury returned a verdict of not guilty on the first count, and of guilty on the second count; and the defendant alleged exceptions.

*H. Kingman*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The second count is sufficient, being substantially like that the validity of which was affirmed in *Commonwealth* v. *Webster*, 5 Cush. 295, 323. The evidence at the trial was conflicting as to the manner and means of death, and it does not appear but that there was other evidence before the grand jury. The Chief Justice of the Superior Court therefore rightly refused to rule that the second count was not supported by the evidence; and his instructions to the jury were sufficiently favorable to the defendant. When an indictment charges the defendant in one count with killing by a certain weapon, and in another count with killing by means and instruments to the grand jurors unknown, and at the trial the killing by the defendant is proved beyond a reasonable doubt, and there is no evidence of the particular means of death, the jury may convict on the second count. *Commonwealth* v. *Tompson*, 2 Cush. 551. *Commonwealth* v. *Thornton*, 14 Gray, 41. *Commonwealth* v. *Glover*, 111 Mass. 395, 401. The objection, made in argument, that the instructions given covered only the means, weapons or instruments by which, and not the way or manner in which, the killing was done, does not appear to have been suggested at the trial and is not open to the defendant. *Exceptions overruled.*