## STATE OF MINNESOTA v. J. H. GATES.

### July 23, 1880.

**Indictment for Seduction—" Previous Chaste Character."**—An indictment for seduction, under a promise to marry, must show that the woman was of chaste character immediately previous to, and down to, the alleged seduction. It is not enough to allege that she was of chaste character previous to the promise to marry, or previous to the day on which the seduction is alleged to have been committed.

Appeal by defendant from a judgment of the district court for Freeborn county, and from an order refusing a new trial, the action having been tried before *Page, J.,* and a jury.

*M. J. Severance* and *J. H. Parker,* for appellant.

*John A. Lovely,* for the state.

GILFILLAN, C. J. Indictment for seduction. After alleging the mutual promises of the parties to marry, the indictment states that defendant did, on the 11th day of May, 1878, under said promise, "seduce and have illicit connection with her, the said ————, and so promising to marry her, the said ————, did carnally know the said ————; she consenting and agreeing to such knowledge of her person, in the belief that said promise would be kept, and she, the said ————, being then an unmarried female, of chaste character previous to the date of said promises, and of chaste

*NOTE.   *A. E. Johnson* v. *S. Y. Hyde et al.*
BERRY, J.   This case follows *Tyrer* v. *Hyde.*
Judgment affirmed.

character previous to the said 11th day of May, A. D. 1878, and consented to said illicit and carnal connection only upon consideration of said promise of marriage, by reason whereof she was then and there seduced by said J. H. Gates, contrary," etc. In no other part of the indictment is the unmarried condition and the chaste character of the woman stated; and the question is, are they sufficiently stated to show a criminal offence?

As to her unmarried condition, we think, though it is not free from question, that it is sufficiently stated; for in the words "being then," immediately following the statement of the act of illicit connection, and immediately preceding the words "an unmarried woman," the word "then" must grammatically be held to refer to the time of such act, and not to the time of the promises or the date afterwards referred to. But such word "then" does not relate to nor qualify the words "of chaste character," in the clause following the statement that the woman was an unmarried woman. The time of such chaste character is fixed by the words "previous to the date of such promises," and "previous to the said 11th day of May, A. D. 1878." Under the statute this is not enough. The statute (Gen. St. 1878, *c.* 100, § 6,) reads: "Any unmarried man who, under promise of marriage, or any married man, who seduces and has illicit connection with any unmarried female of previous chaste character, is guilty of a felony." The woman must have been, at the time of the act of seduction, of previous chaste character; that is, she must have been of chaste character immediately previous to the act. Such character must have continued down to the time of the seduction. It is not enough that her character was chaste down to some time prior to that of the seduction, which is all this indictment alleges; for, though chaste previous to the promises to marry, she may have become unchaste after such promises, and before the act of seduction; and though chaste at all times previous to the 11th day of May, she may, on that day, and before the alleged seduction,

have become unchaste. The indictment does not state all the facts which constitute the crime of seduction. As, however, the facts well stated in it included all the elements of the offence of fornication, it may be sustained as an indictment for that offence, and under it the defendant, if convicted, may be punished for that offence.

Judgment and order denying a new trial reversed, and new trial ordered.