STATE OF MINNESOTA *vs.* JOHN GRAY.

May 27, 1882.

**Indictment for Swindling by Three-Card Monte held Sufficient.**—An indictment under Gen. St. 1878, c. 99, § 15, charged the manner of committing the offence as follows: "* * * Did, by means of three-card monte, so called, and other forms and devices and sleight of hand, (a more particular description of which is to the grand jury unknown,) from one F. O., * * * by the use of cards and instruments of like character, (a more particular description of which is to the grand jury unknown,) feloniously * * * obtain * * * the sum of $20, lawful money of the United States, (a more particular description of which is to the grand jury unknown,) of the lawful moneys," etc.  *Held,* that the indictment is sufficient, and sets forth but one offence, and its allegation is sustained by proof of the use of cards different from common playing-cards.

Appeal by defendant from a judgment of the district court for Olmsted county, *Start,* J., presiding, where defendant was convicted of the crime of swindling by means of three-card monte.

*Chas. C. Willson,* for appellant.

*Wm. J. Hahn,* Attorney General, for the State.

DICKINSON, J.   This defendant, John Gray, and one John Doe, were jointly indicted under Gen. St. 1878, c. 99, § 15, which reads as follows: "Whoever, by the means of three-card monte, so called, or of any other form or device, sleight of hand, or other means whatever, by use of cards or instruments of like character, obtains from another person any money or other property of any description, shall be deemed guilty of the crime of swindling, and shall, on conviction thereof, be punished," etc.   "All persons aiding, encouraging, advising, or confederating with * * * any such person or persons, or in any manner being accessory to the commission of the above-described offence, or confederating together for the purpose of playing such games, shall be deemed principals therein, and punished accordingly."   The indictment charged the manner in which the offence was committed by the accused as follows: "Did, by means of three-

card monte, so called, and other forms and devices and sleight of hand, (a more particular description of which is to the grand jury unknown,) from one Forsten Olsen, by the use of cards and instruments of like character, (a more particular description of which is to the grand jury unknown,) feloniously, subtly, falsely, unlawfully, unjustly, fraudulently and deceitfully receive, have and obtain into their own hands and possession, the sum of $20, lawful money of the United States, (a more particular description of which is to the grand jury unknown,) of the lawful moneys and chattels of the said Forsten Olsen, and from the said Forsten Olsen, and the same did then and there carry away, contrary," etc. Gray was convicted upon trial, and appealed from the judgment.

The case involves the questions as to whether the indictment is sufficiently certain as respects the offence charged, whether it sets forth more than one offence, and the sufficiency of the evidence to sustain the conviction. If the indictment is too uncertain to answer the requirements of the law, it must be either (1) from the absence of a more specific description of the games or tricks practised, or of the nature of the cards or instruments used, in respect to both of which the indictment states that the grand jury were uninformed; or (2) it must be from the statement, conjunctively, of several games or tricks and several instruments.

Our statute requiring the indictment to be "direct and certain as regards the offence charged" and "the particular circumstances of the offence charged, when they are necessary to constitute a complete offence," (Gen. St. 1878, *c.* 108, § 4,) effected no essential change in the law. The common law requires the same certainty. Whart. Cr. Pl. & Pr. § 151. It is a general rule of criminal pleading that the offence charged should be described with reasonable certainty, that the accused may know for what offence he is required to answer, that the court may render a proper judgment, and that the conviction or acquittal may be pleaded in bar of another prosecution for the same offence. But this general rule in favor of the accused is necessarily limited to some extent by the possibilities of the case, and should not be so applied as to make the execution of the criminal law to depend upon offenders leaving open to discovery by the grand

jury the precise methods by which crime has been perpetrated, and all of the circumstances of its accomplishment. Said *Bronson*, C. J., in *People* v. *Taylor*, 3 Denio, 91: "This rule must not be carried so far as to furnish a shield from punishment, where it is plain that a crime has been committed; and therefore the indicting jurors are allowed to state that a particular fact, not vital to the accusation, is to them unknown."

The authorities present illustrations of this in respect to crimes of almost every kind; for instance, as to the description of the instrument forged in an indictment for forgery, (*People* v. *Kingsley*, 2 Cow. 522;) as to the means by which the crime was effected in indictments for manslaughter, and murder, and abortion, (*Com.* v. *Martin*, 125 Mass. 394; *Com.* v. *Webster*, 5 Cush. 295, 323; *State* v. *Williams*, 7 Jones, (N. C.) 446; *Com.* v. *Brown*, 14 Gray, 419;) as to the nature of a lottery scheme which, as was considered, should ordinarily (under the statute) be set forth, (*People* v. *Taylor*, 3 Denio, 91;) and indictments for larceny and embezzlement afford frequent examples of the qualifications of the general rule. In the present case a more strict application of the rule ought not to be required than in the numerous cases where the qualification of it has been generally allowed. The offence charged as having been committed is such that naturally the manner of its commission would be unknown to the victim himself, and to the grand jury inquiring into the matter. We deem the indictment sufficient in this respect.

The indictment was not bad because of the allegation that the offence was committed in all of the ways and by all of the instruments named. There is applicable here a principle which has been recognized in a great variety of cases, viz., when a statute declares that the doing of a thing by any of several means shall constitute a criminal offence, an indictment charging the act as having been done by all of such means, set forth conjunctively, (not being repugnant in themselves,) is ordinarily sufficient. *The Queen* v. *Bowen*, 1 Cox, Cr. Cas. 88; *The Queen* v. *Jennings*, Id. 115; *People* v. *Casey*, 72 N. Y. 393; *Stevens* v. *Commonwealth*, 6 Met. 241; *Com.* v. *Eaton*, 15 Pick. 273; *Com.* v. *Dolan*, 121 Mass. 374; *Byrne* v. *State*, 12 Wis. 519; *State* v. *Bielby*, 21 Wis. 204; *Wingard* v. *State*, 13 Ga. 396; *State* v. *Murphy*,

47 Mo. 274; 1 Bish. Crim. Proc. 434, 436, 586. Our statute has even gone further and provided that "where the offence may have been committed by the use of different means, the indictment may allege the means of committing the offence in the alternative." Gen. St. 1878, *c.* 108, § 6. An indictment charging conjunctively those things which might be alleged in the alternative is certainly sufficient.

These very questions as to the sufficiency of the indictment were decided in *Com.* v. *Ashton*, 125 Mass. 384. The statute relating to the offence was substantially like that of our own state, above recited. The indictment, following the language of the statute, charged the property as having been fraudulently obtained "by means of a game, device, sleight of hand and trick, by the use of cards and other implements and instruments, (a more particular description of which said game, device, sleight of hand, trick, implements, instruments and cards is to said jurors unknown.)" The indictment was sustained, and it was considered that the want of knowledge on the part of the grand jury excused a more particular statement of the methods and instruments by which the offence was accomplished. It was considered, too, that the indictment was sufficient in following the terms of the statute describing the offence.

The indictment charges but one offence. The crime consists not in the playing of a game, or the practising of sleight of hand but in obtaining the property of another by the means named. But one such offence is alleged. The evidence was sufficient to charge both defendants as principals in the commission of the offence. It appears that the cards used were not ordinary playing cards, but were cards of about the same size, all black, excepting that one card had a figure imprinted on it. Such cards are "cards or instruments of like character" within the meaning of the statute.

Judgment affirmed.