STATE OF MINNESOTA *vs.* WESLEY KEITH.

December 22, 1891.

Abduction — Indictment.—An indictment for abduction, under the first subdivision of section 240 of the Penal Code,—taking a female under the age of 16 years for the purpose of sexual intercourse,—sustained.

Same—Ingredients of Offence.—The *taking* need not be by force; it may be by persuasion or enticement.

Same—Requisites of Indictment.—It is not necessary to specify the particular means by which the taking or abduction was effected, nor to state from what place or from whose custody the girl was taken. The statement of the purpose *held* to be sufficient.

Same — Evidence of Female—Corroboration.—A conviction cannot be had on the unsupported testimony of the female. The corroborating evi-

dence must extend to every essential ingredient in the offence. *State* v. *Timmens*, 4 Minn. 241, (325,) followed.

Same.—Such corroborating evidence need not be sufficient in itself to establish the guilt of the defendant.

Same—Evidence—Medical Examination.—The results of a medical examination of a young girl, some eight months after the alleged abduction, *held* admissible in evidence.

Same—Conduct of Accused in Sending Witnesses Away.—It is a prejudicial circumstance, which may weigh heavily against one accused of crime, that witnesses were by him sent out of the state and kept away, so that their testimony might not be produced against him.

Appeal by defendant from an order of the district court for Lyon county, *Webber*, J., presiding, refusing a new trial.

*Chas. E. Fuller, M. E. Mathews,* and *J. M. Thompson,* for appellant.

*Moses E. Clapp,* Attorney General, and *V. B. Seward,* for the State.

DICKINSON, J. The defendant was convicted under an indictment for the offence of abduction as specified in the first subdivision of section 240 of the Penal Code, by the terms of which a person who "takes a female under the age of sixteen years for the purpose of * * * sexual intercourse" is declared to be guilty of this offence. The specification of the offence, as alleged in the indictment, is that the defendant, at a time and place mentioned, "did unlawfully, wilfully, and feloniously take one Nora M. Greenslitt into a certain building (particularly described as a livery stable) for the purpose of sexual intercourse with him, the said Wesley Keith; * * * she, the said Nora M. Greenslitt, being then and there an unmarried female, and under the age of sixteen years, to wit, of the age of ten years; contrary to the form of the statute," etc. This is an appeal from an order denying a motion for a new trial.

Numerous objections are urged to the indictment. Testing the indictment by the reasonable rules set forth in our statutes, and often referred to in our decisions and applied in the criminal practice, rather than the extremely technical common-law rules of criminal pleading, this indictment must be sustained. See *State* v. *Holong,*

38 Minn. 368, (37 N. W. Rep. 587,) and statutes and cases cited. The purposes of pleading were accomplished by alleging that the defendant did feloniously "take"—which is the language of the statute—the girl to the place and for the purpose specified. It was not a necessary element in the offence charged that the taking be by force. Persuasion or enticement is enough. *State* v. *Jamison*, 38 Minn. 21, (35 N. W. Rep. 712.) Nor was it necessary to allege by what means the abduction was effected. *State* v. *George*, 93 N. C. 567. It was not necessary to state from what place, or from whose custody, the girl was taken, for that is not material under the statute. As to the purpose alleged, there can be no doubt. While the language is not well chosen, it could not be understood as having any other meaning than that specified in the statute cited.

The defendant urges, with greater reason, that the court erred in refusing to instruct the jury that a conviction could not be had upon the testimony of the girl, Nora Greenslitt, unless her evidence had been corroborated "upon every material point necessary to the perfection of the offence charged, to wit, the taking away, and that such taking was for the purpose of sexual intercourse." If in such cases corroboration to the extent here indicated is necessary, the refusal to so instruct the jury was prejudical error for which a new trial must be allowed. The court did instruct the jury, in accordance with the terms of the statute, that there could be no conviction upon the testimony of the female, "unsupported by other evidence." But this did not inform the jury as to whether the corroborating evidence must support the testimony of the girl in respect to all the essential facts constituting the crime alleged. Under the charge as given, the jury might understand that it was enough if the principal witness were corroborated in merely one material matter. While such is the rule relating to corroborating evidence in some jurisdictions, it was early decided in this state, in harmony with many other decisions, that where, in cases of this nature, corroborating evidence is required, it must extend to every point necessary to be established to constitute the offence charged. *State* v. *Timmens*, 4 Minn. 241, (325.) This has ever since been understood to be the law in this state,—*State* v. *Brinkhaus*, 34 Minn. 285, (25 N. W. Rep. 642;) *State*

v. *Wenz*, 41 Minn. 196, (42 N. W. Rep. 933;)—and so the learned judge who tried this cause understood the law to be, as appears from the note filed with his order refusing a new trial; but he seems to have considered that the requested instruction was liable to mislead the jury, if given to them without explanation.  This is probably true, but the request embodied a correct and unobjectionable statement of a legal proposition which had an important bearing in the trial of the case; and, as the court had not covered the point in its charge, the defendant was entitled to have the jury instructed as requested.  The court would then have been at liberty to give such further explanation as might prevent any misapprehension on their part.  For this error a new trial must be granted.

The court was justified in refusing to give the first requested instruction, for the reason that it was likely to be understood by the jury as being, in effect, that the evidence supporting or corroborating the testimony of the girl must be in itself sufficient to show or establish the guilt of the defendant.  The corroborating evidence need not go to that extent.  See cases cited above.

Some eight months after the alleged offence, a physician made a personal examination of the girl, and at the trial he was allowed to testify as to the condition of her person, and that in his opinion that condition might have resulted from sexual intercourse, although he also says that it might result from another cause.  We are of the opinion that it was not error to receive this evidence.  It was for the jury to give it to its proper weight.  The girl was less than 12 years old at the time of the alleged offence.  It was necessary that her testimony, in essential matters, be corroborated.  If on the occasion to which the indictment refers the defendant enticed or took the girl to the barn, and then actually had or attempted to have intercourse with her, the latter fact would be evidence bearing upon the purpose for which he took her there.  *People* v. *Marshall,* 59 Cal. 386; *Beyer* v. *People,* 86 N. Y. 369; *People* v. *Carrier,* 46 Mich. 442, (9 N. W. Rep. 487.)  Hence, although the act of intercourse was not an essential ingredient in the offence charged, it was proper, by any competent evidence, to prove such a fact.  If the testimony of the physician had related to a time immediately subsequent to the

alleged offence, it would have been proper for the consideration of the jury, as tending to corroborate the testimony of the girl as to the conduct of the defendant on that occasion. While the value of the evidence is much less from the lapse of time, yet we think that, in view of the age of the girl, it was still admissible, and that its probative force should be left to the jury.

There was evidence going to show that the defendant procured the girl and her mother (who was an important witness) to be sent out of the county and out of the state, for the purpose, as may be inferred from the circumstances, of preventing the production of their testimony against him. The court instructed the jury that "the suppression or secretion of pertinent evidence by a defendant is always a prejudicial circumstance, and is sometimes entitled to great weight." This is a correct statement of the law. Whart. Crim. Ev. 748, 749, and cases cited.

The letters Exhibits B and C were properly admissible, for they go to show that the defendant was interesting himself in caring for the girl's mother, making provision for her, out of the state. This evidence bears upon the same point as that last above referred to.

We do not refer to some other points in the case, which, in view of the fact that there is to be a new trial, are not now necessary to be considered.

Order reversed.