STATE v. ERNEST L. GREENWOOD.[1]

Indictment No. 1.

May 9, 1899.

Nos. 11,577—(19).

**Forgery—Indictment—All Acts Enumerated in G. S. 1894, § 6702, May Be Charged in Single Count.**

G. S. 1894, § 6702, provides that a person who, knowing the same to be forged or altered, and with intent to defraud, utters, offers, or disposes of, or puts off as true, an instrument in writing, or other thing, the false making, forging, or altering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same. *Held*, that this statute, in defining an offense, having enumerated a series of acts, either of which separately or all together may constitute the offense, all such acts may be charged in a single count in the indictment, and it does not thereby charge more than one offense.

**Same—Indictment Sufficient.**

Where the indictment charges that on a certain day and at a certain place the defendant had in his possession a certain false and forged promissory note, which in the indictment is set out in full, and charges that he did then and there, with intent to defraud, feloniously utter, offer, and dispose of and put off the same, as true, to a certain person, the defendant then and there well knowing the same to be false, forged, and counterfeit,

[1] STATE v. GREENWOOD.

Indictment No. 4.

May 9, 1899.

Case certified. Affirmed.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *G. W. Granger* and *Chas. C. Willson*, for the State.

*Brown & Abbott* and *Stephen H. Somsen*, for defendant.

BUCK, J.

This action is between the same parties, and involves the same questions as are decided in the foregoing case of indictment No. 1, certified to this court by the district court of Olmsted county.

Indictment held sufficient, and order affirmed.

it sufficiently informs the defendant of the nature and cause of the accusation against him, and states facts sufficient to constitute a public offense.

Defendant was indicted in the district court for Olmsted county for forgery in the second degree, and demurred to the indictment on the grounds: (1) That the same did not state or specify any act or acts constituting the crime of forgery; (2) that the same did not state the alleged forged promissory note, alleged to have been uttered and disposed of, to be in writing; (3) that the same did not state any fact or facts constituting the crime of forgery; (4) that more than one offense was charged; and (5) that the facts stated did not constitute a public offense. The court, Snow, J., overruled the demurrer, and on motion of defendant certified the case to the supreme court for its determination of the questions stated in the opinion. Affirmed.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *G. W. Granger* and *Chas. C. Willson*, for the State.

*Brown & Abbott* and *Stephen H. Somsen*, for defendant.

BUCK, J.

The defendant Greenwood was indicted by the grand jury of the county of Olmsted of the crime of forgery in the second degree, which indictment read as follows:

"Ernest L. Greenwood is accused by the grand jury of the county of Olmsted, in the state of Minnesota, by this indictment, of the crime of forgery in the second degree, committed as follows: The said Ernest L. Greenwood, on the eighteenth day of December, A. D. one thousand eight hundred and ninety-seven, at the city of Rochester, in the county of Olmsted and state of Minnesota, having in his possession a certain false and forged promissory note of the tenor following:

" '$300.00.                                    December 14, 1897.

" 'On or before one year after date we promise to pay to the order of Edward J. Grimm three hundred dollars, with interest at 7 per cent. per annum, at ———, value received.

" 'E. L. Greenwood.
" 'C. E. Greenwood.

" 'No. ———.    Due, ———,'

Did then and there, with intent to defraud, feloniously utter, offer, dispose of, and put off the same, as true, to one Edward J. Grimm, he, the said Ernest L. Greenwood, then and there well knowing the same to be false, forged, and counterfeit, contrary to the form of

the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

"Dated at the city of Rochester, in the county of Olmsted and state of Minnesota, this twenty-first day of June, A. D. one thousand eight hundred and ninety-eight.   James Crawford,
"Foreman of the Grand Jury."

The defendant demurred to the indictment, and upon a hearing the indictment was overruled. The grounds of the demurrer are substantially included in the questions in the case as certified by the trial court to this court for its determination, upon motion and at the request of the defendant, as follows, viz.:

(1) Does the indictment state facts sufficient to constitute a public offense?

(2) Does the indictment charge more than one offense?

(3) Do the words, "utter, offer, dispose of, and put off," as used in the indictment, charge more than one offense?

(4) Does the indictment sufficiently inform the defendant of the nature and cause of the accusation against him?

We think that questions Nos. 1 and 4 are substantially disposed of by the decision of this court in the case of State v. Greenwood, infra, page 211, and both questions are answered in the affirmative.

Questions Nos. 2 and 3 we consider together. G. S. 1894, § 6702, provides that a person who, knowing the same to be forged or altered, and with intent to defraud, utters, offers, or disposes of, or puts off, as true, an instrument or writing or other thing, the false making, forging, or altering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same. Defendant contends that the indictment charges more than one offense, and is therefore bad for duplicity. With reference to this point, it is to be noted that all the alleged acts are charged to have been committed by the same person, at the same time, and with reference to the same instrument, and all in one count. If each act had been charged to have been committed separately, with reference to distinct instruments, with the intent charged, doubtless each act would have constituted a distinct offense; but where the indictment charges all the acts enumerated in the statute to have been done at the same time, by the same person, with reference to

76 M.—14

the same instrument, only one offense is charged, for which one count is sufficient, and for which one penalty can be inflicted. In the case of People v. Frank, 28 Cal. 507, it is said, at page 513:

"Where, in defining an offense, a statute enumerates a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that notwithstanding each act may by itself constitute the offense, all of them do no more, and likewise constitute but one and the same offense."

This case is cited with approval in People v. Harrold, 84 Cal. 567, 24 Pac. 106. Applying these rules to the case at bar, we hold that questions 2 and 3 should be, and hereby are, answered in the negative.

The order overruling the demurrer is affirmed, and the cause remanded for further proceedings.