## STATE v. WILLIAM PREUSS.[1]

August 5, 1910.

Nos. 16,694—(25).

**Conviction not sustained by evidence.**

> The defendant was convicted of the crime of seduction. *Held*, that the indictment is sufficient, and, further, that the evidence was not sufficient to sustain the verdict.

Defendant was indicted in the district court for Le Sueur county for the crime of seduction. The case was tried before Morrison, J., and a jury which returned a verdict of guilty. From an order denying defendant's motion for a new trial, he appealed. Reversed and new trial granted.

*John Moonan*, for appellant.

*George T. Simpson*, Attorney General, *Clifford L. Hilton*, Assistant Attorney General, and *F. J. Hanzel*, County Attorney, for the State.

[1] Reported in 127 N. W. 438.

START, C. J.

The defendant was convicted in the district court of the county of Le Sueur of the crime of seduction under promise of marriage, and sentenced to imprisonment in the state's prison for a term of two and a half years. He appealed from an order denying his motion for a new trial.

The first contention on his behalf is that the indictment does not charge a public offense. The indictment, so far as here material, is to the effect following: "The said William Preuss, on the 2d day of January, A. D. 1908, at the township of Waterville, in the county of Le Sueur, and state of Minnesota, did wrongfully, unlawfully, and feloniously, under promise of marriage then and there made by him, the said William Preuss, to Tillie Roemhildt, then and there seduce and have sexual intercourse with her, the said Tillie Roemhildt, being then and there an unmarried female of previous chaste character."

The objection to this indictment is that it does not allege that the prosecutrix was at the time of the alleged seduction an unmarried female of previous chaste character, or, in other words, that "the phrase, 'being then and there an unmarried female of previous chaste character,' is nowhere connected with Tillie Roemhildt, and as it stands in the indictment is meaningless." If the word "she" had been inserted before the word "being," the indictment would have been certain to a degree not liable to the most subtle objection. This degree of certainty, however, is not required in this state in an indictment; for it is sufficient if the act charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case, and formal defects, which do not tend to the prejudice of the substantial rights of the defendant upon the merits, must be disregarded. R. L. 1905, §§ 5305, 5306. The indictment, however, must be direct and certain as to every essential element of the offense. We are of the opinion that the indictment in this case is sufficiently definite and certain to comply with the rule.

The next contention of the defendant to be considered is that the evidence is not sufficient to sustain the verdict. The law applicable to cases of this kind is well settled by the statute and the decisions of

this court.   Our statute (R. L. 1905, § 4931) defines the crime of
seduction as follows:   "Every person who, under promise of mar-
riage, shall seduce and have sexual intercourse with an unmarried
female of previous chaste character, shall be punished by imprison-
ment in the state prison for not more than five years, or by a fine of
not more than one thousand dollars, or by both.   But no conviction
shall be had for the offense specified herein upon the unsupported
testimony of the female seduced.   The subsequent marriage of the
parties    *    *    *    shall be a bar to a prosecution for a violation of
this section."

The mere fact of a promise of marriage, followed by sexual inter-
course between the defendant and the complaining witness, is not
sufficient to constitute the crime of seduction.   She must have been
at the time an unmarried female of previous chaste character, and
must have yielded her virtue by reason of the arts, the persuasion,
and the promise of marriage of the defendant.   The promise of mar-
riage, the previous chaste character of the female, and her seduction
in fact must be established by the state beyond a reasonable doubt,
and the testimony of the female must be corroborated as to each ele-
ment of the offense.   Such corroboration may be by circumstantial,
as well as direct, evidence.

Chaste character does not mean reputation, although evidence of
general reputation for chastity is admissible in corroboration, but
actual personal chastity.   If a woman has been, at some time in her
life, unchaste, but at the time of her alleged seduction she has re-
formed and actually acquired the virtue of chastity, she is then a
female of previous chaste character, within the meaning of the stat-
ute.   Her testimony as to reformation must also be corroborated.
State v. Timmens, 4 Minn. 241 (325) ; State v. Gates, 27 Minn. 52,
6 N. W. 404; State v. Brinkhaus, 34 Minn. 285, 25 N. W. 642;
State v. Wenz, 41 Minn. 196, 42 N. W. 933 ; State v. Keith, 47 Minn.
559, 50 N. W. 691; State v. Lockerby, 50 Minn. 363, 52 N. W. 958,
36 Am. St. 656.

The instructions of the trial court to the jury were substantially
in accordance with the law as we have stated it, and the only import-
ant question raised by the record is whether the evidence, when tested

by the rules stated, was sufficient to establish the guilt of the defendant beyond a reasonable doubt. After a careful and extended consideration of the evidence, we have reached the conclusion that it is not sufficient to sustain the verdict. There was evidence tending to show the facts following:

The defendant at the time the alleged offense was committed, was twenty-seven years old, and the complaining witness twenty-two years. They were, respectively, children of farmers living in the county of Le Sueur, and there they grew up in the same neighborhood. Each was of good character, habits, and reputation. As time went on they became attached to each other, but the parents of each were opposed to their marriage. Each understood this, but both expected that such parental opposition to their marriage would be withdrawn in time, and they became engaged to marry when the consent of their respective parents could be obtained. The complaining witness, on the last day of November, 1907, went to the city of Mankato, in the county of Blue Earth, to enter domestic service. The defendant went with her, and they there stayed over night at a hotel, occupying the same room and bed, and having sexual intercourse. He returned to his home the next day, and she to the place where she was to work. She came back to her home in the county of Le Sueur about December 25, 1907. She testified that on the next day he attempted some undue familiarity with her, and she said to him that it was wrong, that they both had learned differently, and that he then desisted. On the night of January 1 following they again had sexual intercourse. Her testimony as to what took place at this time was that he solicited such intercourse, and she replied that she wanted nothing of the kind done, for it was not right; that he said nothing in reply. The solicited intercourse followed, resulting in the birth of an innocent child, a bright little girl. The defendant, upon being urged to marry the complaining witness after her pregnancy became known, said that he was willing so to do, and would like to marry her, except for the objections of his parents.

We have not attempted to state all of the evidence, but only that most favorable to the prosecution. In considering the evidence, it must be kept in mind that the defendant was on trial for an act of

intercourse committed in the county of Le Sueur within some thirty days after a similar act in the county of Blue Earth. Therefore the two acts must not be treated as one continuous act, which might be the case if both had been committed in the same jurisdiction. A conviction in either county would not be a bar to a prosecution in the other. We find no evidence in the record, other than as indicated, that the complaining witness was seduced in the county of Le Sueur, or that she had during the interval of thirty days acquired the virtue of chastity, or any sufficient corroboration of her testimony in this particular. We accordingly hold that the verdict is not sustained by the evidence.

Order reversed and new trial granted.