## STATE v. FREDERICK A. LAUZER.[1]

June 2, 1922.

No. 22,758.

**Criminal law — abduction, how proved.**

1. Where a charge of abduction is based on the taking of a girl under the age of 18 years for the purpose of carnal intercourse, the "taking" may be proven by showing that the defendant induced her to come to or accompany him by some device, enticement or persuasion without showing the use of force or that she was taken from the control or against the will of those having lawful authority over her.

[1]Reported in 188 N. W. 558.

Conviction sustained.

    2. To sustain a conviction for abduction the testimony of the girl must be corroborated both as to the taking and the immoral purpose. Her testimony was sufficiently corroborated as to both elements of the offense.

### What court has jurisdiction of offense.

    3. That the girl came from Ramsey county and met defendant at his office in Hennepin county pursuant to an appointment made by him over the telephone, and was conducted by him from his reception room into his private office, shows a sufficient taking in Hennepin county to give the courts of that county jurisdiction of the offense.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of abduction, tried in the district court for that county before Leary, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William M. Nash, Chester L. Nichols* and *John E. Palmer*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, *Floyd B. Olson*, County Attorney, and *Arthur Markve*, Assistant County Attorney, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of abduction and appeals from an order denying a new trial.

The indictment is drawn under the first part of the first subdivision of section 8659, G. S. 1913, and charges defendant with taking Norma Horner, a female under the age of 18 years, for the purpose of sexual intercourse. Section 8659, G. S. 1913, contains 4 subdivisions defining the different ways in which the crime of abduction may be committed. The first subdivision provides:

"Every person who shall take a female under the age of eighteen years, for the purpose of prostitution or sexual intercourse, or, without the consent of her father, mother, guardian or other person hav-

ing legal charge of her person, for the purpose of marriage  *  *  *
shall be guilty of abduction."

Defendant was a young dentist with an office at No. 610 in the
Syndicate Building in the city of Minneapolis. He inserted the fol-
lowing advertisement in the Minneapolis Tribune of January 16, 1921:

"Dental office girl, downtown, experience not necessary, neat ap-
pearance, strong, healthy,  *  *  *  short, salary ninety dollars
to begin. No reply unless age, previous work and telephone given.
Address S-959 Tribune."

Norma Horner, 17 years of age, was one of the many girls who
answered this advertisement. Her father was dead; her mother
worked in the city of Minneapolis; and Norma at this time was stay-
ing with a family in the city of St. Paul and working for her board
and room. On the morning of January 28, 1921, she was called by
telephone and asked if she still desired the position. On replying
that she did, she was informed that the call was from a doctor's
and dentist's office; that a clinic of doctors were opening up offices
in the Donaldson Building; that they had three girls and needed
one more; that the speaker was too busy to see her himself as they
had 375 applications, but directed her to go to Dr. Lauzer between
half past eleven and twelve o'clock at No. 610 Syndicate Building,
who would see her and report to them. She went to defendant's
office shortly before noon as directed. She testified that he took her
from the reception room through the laboratory into his private
office, where, after telling her that four doctors from Chicago were
opening up an office in the Donaldson Building, and that they had
three girls and needed one more, he asked various questions con-
cerning her physical proportions and personal habits and character-
istics, and made improper suggestions and attempted to take im-
proper liberties with her person.

Defendant contends that there was no "taking" within the mean-
ing of the statute, for the reason that the girl was not taken from
the custody or control of anyone having lawful authority over her,
but came voluntarily with the consent of her mother. He cites
authorities, mostly from the English courts, to the effect that to

constitute the crime of abduction the "taking" must have been from the custody, or at least against the will, of those having lawful authority over the girl. But those decisions were rendered under laws materially different from our statute. "Taking" from the control or without the consent of those having legal charge of the girl is not made an ingredient of the offense by our statute, except when she is taken for the purpose of marriage. If she be "taken" for the purpose of defilement, whether she was or was not taken from the control or against the will of those having lawful authority over her is immaterial. State v. Jamison, 38 Minn. 21, 35 N. W. 712; State v. Keith, 47 Minn. 559, 50 N. W. 691; People v. Seeley, 37 Hun, 190, affirmed without opinion in 101 N. Y. 642, which construed a statute identical in form with ours. To constitute a "taking" within the first subdivision of the statute no force actual or constructive need be exercised. That the girl was induced to meet the accused or to go with him through some device, enticement or persuasion on his part is sufficient. See cases cited above.

The defendant when a witness in his own behalf admitted that he inserted the advertisement in the newspaper; that he was the person who had the conversation with the girl over the telephone; that his story to the effect that doctors from Chicago were opening offices in the Donaldson Building and needed another girl was a pure fiction; and that, pretending to be one of these mythical doctors, he directed her to report to himself at his office. The evidence clearly proved a taking within the meaning of the statute, and the jury could legitimately infer from his conduct as disclosed by the testimony of the girl that the "taking" was for the immoral purpose.

The statute provides that "no conviction shall be had for abduction or compulsory marriage upon the unsupported testimony of the female abducted or compelled."

Defendant contends that there is no sufficient corroboration of the testimony of the girl either as to the taking or the immoral purpose. Her testimony as to the "taking" is amply corroborated by the defendant himself. To corroborate her testimony as to the immoral purpose, the prosecution showed that after the advertisement of January 16, 1921, defendant published several similar advertisements

in the Minneapolis Journal and Minneapolis Tribune, the last of which seems to have been on February 13, 1921, and that many girls answered the first and also the subsequent advertisements. Seven other girls, who answered the same advertisement answered by Norma Horner, were called as witnesses and testified that his conduct toward them was similar to his conduct toward her. This was proper corroborating evidence. While defendant denies the more serious accusations, he admits making remarks and asking questions which were at least suggestive and impertinent, but claims that he did so for the purpose of ascertaining the character of the girls in order to avoid employing one whose character was questionable. There were other corroborating circumstances to which we have not referred, and the verdict is amply sustained by the evidence.

Defendant contends that, as the girl resided in Ramsey county and came from that county to his office in Hennepin county, the taking occurred in Ramsey county, and that the courts of Hennepin county had no jurisdiction of the offense for that reason. We find no merit in this contention. The taking was not consummated until she arrived at his office. Furthermore the jury could find that taking her from the reception room into his private office where the improper suggestions and advances were made constituted a taking within the meaning of the statute.

We find no errors and the order is affirmed.