## STATE v. LEVI CADY ECKELBERRY.[1]

December 8, 1922.

No. 22,939.

**Conviction for abduction sustained.**

1. The evidence in this case is sufficient to establish the fact that the defendant was guilty of abduction.

**Corroboration of complainant's testimony.**

2. There is substantial corroboration of the testimony of the girl abducted.

**Evidence of complaint admissible.**

3. It was proper to admit evidence that, when the girl was rescued, she complained that defendant had insulted her.

**Age of complainant.**

4. There is sufficient proof that the girl was under 18. Slight discrepancies between two witnesses, both of whom agree that she was under that age, do not raise a doubt.

**Allegation of indictment immaterial.**

5. It is immaterial whether the girl was married or not, and an allegation in the indictment that she was unmarried need not be proved.

Defendant was indicted by the grand jury of Wright county charged with the crime of abduction, tried in the district court for that county before Giddings, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion in arrest of judgment and for a new trial, defendant appealed. Affirmed.

*Lundeen & Lundeen,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *George G. Schierts,* County Attorney, for respondent.

[1]Reported in 191 N. W. 256.

HALLAM, J.

Defendant was convicted of the crime of abduction of an unmarried girl under the age of 18 years for the purpose of sexual intercourse. He appeals.

1. The statute under which defendant was indicted and convicted reads as follows:

"Every person who shall take a female under the age of eighteen years, for the purpose of prostitution or sexual intercourse, * * * shall be guilty of abduction * * *." G. S. 1913, § 8659, subd. 1.

The state's evidence is that on the afternoon of June 8 a stranger, identified as defendant, called in an automobile at the home of the complaining witness Lenora, on a farm two miles north of Buffalo in Wright county, representing himself as St. John, a hotel proprietor in Watertown, Minnesota, and wanted to hire a girl for dining-room work. He offered $12 a week wages. He represented that Mr. Little, of Buffalo, a man well known to Lenora's family, had directed him there. He wanted to take Lenora with him. Lenora's mother was at home. They hesitated. They were tempted, however, by the offer of good wages, and, upon representation of the stranger that they would stop at Buffalo and see Mr. Little, the mother consented that Lenora go, and she went. She was under 18.

In fact the stranger was not St. John, had no hotel, and, if he was the defendant, was a farmer living near Montrose, and within a few miles of Buffalo, and had no use for a servant girl. He had not been recommended by Mr. Little and was not known to Mr. Little. With Lenora, he drove to Buffalo a little after 6, where he went through the form of searching for Mr. Little, but did not find him. He then, with Lenora, drove on into the country and for a matter of hours drove about aimlessly on country roads, some of them little traveled, until after sunset, claimed to have lost his way, though he was but a few miles from defendant's home, and finally, in making a turn, drove into a corn field, where the car stuck in the soft ground, and he could go no farther. Several young men came to help them out. Lenora appealed to one of them to take her home and he did so.

During their ride, the stranger made coarse advances to Lenora. It is needless to detail them. Suffice it to say that, while there was no direct proposal of sexual intercourse, the things said and done were full of suggestion, and, considering them, with the false personation, the misrepresentation and the aimless driving about the country, there can be little doubt that he enticed Lenora from home for that immoral purpose. There is no other plausible explanation of his conduct. The jury's finding was to that effect, and it is sustained by the evidence. Such being the established purpose, the case is one of abduction as defined by the statute. See State v. Lauzer, 152 Minn. 279, 188 N. W. 558.

Defendant denied that he was the stranger who committed the crime. He was corroborated by some witnesses who gave proof of an alibi. A slight variation of time would dispose of the testimony of some of these witnesses, but not of all. The evidence is, however, quite overwhelming that defendant was the man who called for Lenora and drove with her. Lenora and her mother positively identified him. Some of the boys who rescued Lenora knew defendant and positively identified him. Others, who knew him well, testified positively to seeing defendant with Lenora at different points along the drive. The jury's finding of identity is well sustained.

2. The statute provides that "no conviction shall be had for abduction * * * upon the unsupported testimony of the female abducted." G. S. 1913, § 8659. The fact is, Lenora was corroborated on every material point in the case. In her identification of defendant she was corroborated by overwhelming testimony. In her testimony as to abduction she was corroborated by her mother and other witnesses who detailed conduct not consistent with any lawful purpose. In her testimony as to her age she is corroborated by her mother.

3. Defendant complains that a witness was permitted to testify that, when Lenora called the young men to her assistance at the conclusion of her ride, she was heard to complain that defendant "insulted" her. Evidence of a women's complaint of rape has always been considered admissible in a prosecution for that offense. Courts have differed as to the proper theory of receiving such dec-

larations—whether as corroboration or as tending to rebut the inference from her supposed failure to complain—or as spontaneous explanations—as an exception to the hearsay rule. But whatever the theory, such complaints are always received where there is other evidence of violent assault. 3 Wigmore, Ev., §§ 1760, 1761. We think the principle of the rule makes such complaints proper evidence in a case predicated on conduct showing a purpose to procure sexual intercourse.

4. Defendant contends that there is no sufficient proof that Lenora was under 18. There is no doubt on this point. Both Lenora and her mother so testified. Their evidence differed as to Lenora's birthday. Lenora gave it August 22; her mother, August 2. Either date would make her under 18.

5. The indictment alleged that the complaining witness was unmarried. Defendant contends that there is no proof of this fact and that the case must therefore fail. We think there is sufficient proof of this fact, but, under the statute, the question whether she was married or single was immaterial. There are decisions holding that a variance between indictment and proof, even as to immaterial matters, is fatal, such as, for example, an allegation of theft of a "beef steer" and proof of theft only of a "steer." Cameron v. State, 9 Tex. App. 332, or an allegation of larceny of a "horse," and proof of larceny of a "gelding." Jordt v. State, 31 Tex. 571, 98 Am. Dec. 550. This court has never countenanced any such technical variance and our statute does not permit it. G. S. 1913, § 9143.

Order affirmed.