STATE v. JOHN P. EKBERG.[1]

November 15, 1929.

No. 27,520.

*Chester L. Nichols* and *James Batten,* for appellant.

*G. A. Youngquist,* Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

[1]Reported in 227 N. W. 497.

HILTON, J.

Defendant, indicted in Hennepin county for bribery, was found guilty and appealed from an order denying his motion for a new trial. He was an alderman in the city of Minneapolis. The indictment was lengthy and complete in its allegations. For our purpose here it is sufficient to state that it charged that the defendant did *ask, agree to receive, and receive* as a bribe from H. L. Schaefer $600 upon the agreement and understanding that defendant's vote, opinion and action would be influenced in that he would vote in the city council in favor of accepting the bid of the Twin City Motor Car Company for furnishing six automobiles to the city. (Schaefer was the sales manager of the company.)

Defendant's contentions are: (1) That the indictment was bad for duplicity and repugnant allegations and that the state should have been required, on motion made, to elect as to which of the specific charges the defendant would be tried for under the indictment; (2) that the verdict of the jury was not sustained by the evidence; (3) that there was a fatal variance between the indictment and the proof; (4-5) errors in the admission and exclusion of testimony and in certain instructions to the jury.

Art. 1, § 6, of the state constitution provides:

"In all criminal prosecutions the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation, * * * ."

G. S. 1923 (2 Mason, 1927) § 10641, reads:

"The indictment shall be direct and certain as it regards: (1) The party charged; (2) the offense charged; (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The requirements above recited were fully complied with.

G. S. 1923 (2 Mason, 1927) § 9983, in part provides:

"Every executive or administrative officer, or person elected or appointed to an executive or administrative office, who *asks, receives, or agrees to receive* any bribe upon an agreement or under-

standing that his vote, opinion, or action upon any matter then pending or which may by law be brought before him in his official capacity shall be influenced thereby; * * * shall be punished * * *." [Italics ours.]

The indictment here follows the language of the statute. Defendant could have been legally convicted of bribery upon proper proof that he did the act in any one of the ways described. The element of time is not involved for the reason that the indictment alleges "on or about." The evidence shows a practically continuous transaction covering a comparatively brief time in which the asking, agreeing to receive, and receiving the bribe were accomplished. His conviction made him immune from further prosecution for asking or agreeing to receive or receiving the bribe in question. The indictment was good against the attack made upon it, and the state was not obliged to elect as requested. State v. Gray, 29 Minn. 142, 12 N. W. 455; State v. Hann, 73 Minn. 140, 76 N. W. 33; State v. Greenwood, 76 Minn. 207, 78 N. W. 1044, 1117; People v. Bennett, 182 App. Div. 871, 170 N. Y. S. 718; Id. 224 N. Y. 594, 120 N. E. 871; People v. Furlong, 127 N. Y. S. 422; Egan v. U. S. 52 App. D. C. 384, 287 F. 958.

█ The verdict was amply sustained by the evidence. It is conceded by the defendant that there was direct evidence that he solicited the bribe, but he claims that there was no evidence as to his agreeing to receive one and that there was no competent evidence that he actually did so. This claim is unfounded. There was ample evidence warranting the jury in finding that the defendant did all three of the things alleged.

█ The indictment charged that the bribe consisted of "$600.00, genuine, lawful and current money of the United States." The evidence justified the jury in believing that it was such money that defendant asked for and agreed to receive. The evidence however showed that instead of being paid in cash the defendant obtained its equivalent by receiving credit in that amount in a transaction wherein he secured a new automobile in exchange for his old one, a certain amount of cash obtained from a finance corporation and

the credit above referred to. The jury was justified in believing that the deal was made in the manner in which the state's witnesses testified and that the value received by defendant under the agreement made was the same as though the motor company had given him $600 in cash and he had immediately turned it over to the company. A check for $600 was drawn by the company on a St. Paul bank in which it was doing business, in favor of one of its employes. This employe immediately indorsed the check and gave it to the company, which deposited it to its credit in a Minneapolis bank in which it did business. By this maneuvering it was sought to conceal the true situation. It would be a perversion of justice to hold under the circumstances stated that this so-called variance was fatal. The time when such holdings were made has long since passed. Minnesota is a state that does not apply the rule of variance with strictness. G. S. 1923, § 10648, as amended, 2 Mason, 1927, id; 3 Dunnell, Minn. Dig. (2 ed.) § 4427; State v. Cary, 128 Minn. 481, 151 N. W. 186; State v. Eckelberry, 153 Minn. 494, 191 N. W. 256; State v. Peterson, 167 Minn. 216, 208 N. W. 761, and cases cited.

■ Objections were made as to the admission of certain evidence over defendant's objection and the exclusion of certain proffered evidence.

(a) Witness Schaefer was asked as to the reasonable market value of the old car that defendant turned in toward the new one. An objection was made to the admission of the evidence on the ground that it was incompetent and no foundation laid. The foundation laid may not have been strong; however the witness was permitted to testify without objection that the defendant was allowed $250 in the transaction for his old car. · Even if sufficient foundation was not laid, yet considering all the other evidence in the case the overruling of defendant's objection did not prejudice him and there was no reversible error.

(b) The witness Ritten, another alderman in the city of Minneapolis, testified that he had talked with defendant as to offers of bribes by certain automobile people in the effort to obtain alder-

men's votes in favor of their particular make of cars; that they discussed this $600 bribe and had an understanding between themselves as to the division of the same. Defendant denied the arrangement.

Ritten was asked by defendant's counsel: "Was that the first time that you had gone to anybody and told them what it would cost them to have things passed by the city council of the city of Minneapolis?" An objection to this question was sustained. The purpose of course was to discredit his testimony. It was already discredited for he had just admitted his guilt of violating the bribery statute in the matter of the purchase of these automobiles by the city. This was not reversible error. It was simply an effort to show that a self-confessed briber had solicited other bribes.

(c) Defendant offered to prove by a witness on the stand that the motor company had offered for $600 cash and a second-hand 1923 Franklin sedan to give such witness a car similar to the one purchased by defendant. The record clearly shows that the sustaining of the objection was not error.

■ We have examined all the assignments of error, including those calling in question the correctness of certain instructions given by the court. We find them without merit.

We reach the conclusion that defendant was not deprived of any of his constitutional or statutory guarantees; that he was fairly and impartially tried and convicted.

Order affirmed.