## STATE v. THOR B. OSTENSOE.[1]

July 3, 1930.

No. 28,019.

*Paul D. Stratton* and *A. C. Severson,* for appellant.

*Henry N. Benson,* Attorney General, *William K. Montague,* Assistant Attorney General, and *Salmer N. Knutson,* County Attorney, for the state.

[1]Reported in 231 N. W. 804.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial. He was convicted of compounding a crime, to-wit, a felony. See G. S. 1923 (2 Mason, 1927) §§ 10654 and 10034.

Clarence Groven and Roy Groven, young men, stole 14 chickens from Mrs. Nevins by taking them from a building. They admitted their guilt. The crime was grand larceny in the second degree.

Defendant, a lawyer, acted for Mrs. Nevins. After the young men acknowledged their guilt defendant saw their father and said, "Tell the boys, $250 apiece." The father resorted to a mortgage and raised $500. He gave it to defendant, who told them to keep quiet. Defendant gave Mrs. Nevins $200. She did not know she was to get it. The chickens were worth from $12 to $15. Defendant told the Groven boys that if they had gone to the county seat they probably would have gotten a year.

■ Defendant charges the indictment to be void for duplicity because it charges the acceptance of the money "to compound, conceal, and abstain from, discontinue, and delay the prosecution of * * * the crime of grand larceny," etc. The language of the statute [§ 10034] is "to compound or conceal a crime or violation of a statute, or to abstain from, discontinue, or delay a prosecution therefor, or to withhold any evidence thereof," etc.

Defendant's claim of duplicity rests largely upon State v. Quinlan, 40 Minn. 55, 41 N. W. 299, wherein it is said that taking money to withhold evidence is a crime distinguished from that of compounding a crime. But the rule is now stated that where an offense against a criminal statute may be committed in one or more of several ways the indictment or information may in a single count charge its commission by the same person in any or all of the ways specified in the statute. 31 C. J. 765; State v. Greenwood, 76 Minn. 207, 78 N. W. 1044, 1117; State v. Ekberg, 178 Minn. 437, 227 N. W. 497; State v. Gopher T. & R. Co. 146 Minn. 52, 177 N. W. 937.

■ Defendant says the evidence is insufficient to prove the agreement not to prosecute. But the statute [§ 10654] says every person who shall take money upon any agreement or understanding, ex-

press or implied, to compound or conceal a crime, etc. This language is used for a purpose. The contention provokes the inquiries: What did defendant take the $500 for? Why was the transaction to be kept quiet? Why the suggestion of a year if at the county seat?

It seems clear that the jury were compelled by the evidence to find that defendant was unjustly enriching himself and his client at the expense of public justice and that the understanding of the parties was definitely established. The evidence is sufficient.

■ Defendant claims that the crime committed by the Groven boys was a misdemeanor and not a felony. This is important to defendant because of the penalty to follow.

The stealing of property of any value in the daytime from a building is grand larceny in the second degree. G. S. 1923 (2 Mason, 1927) § 10363(3). Subdivision 4 of the same section provides that the stealing of "property of less value than $25 by taking the same in the nighttime from any * * * building" shall constitute grand larceny in the second degree. Defendant claims that there is a conflict in these two statutory provisions and that the ambiguity should be construed most favorably to the accused.

We think however that the significance of the language in subd. 4 is found by reference to subd. 2 of § 10362, which makes the stealing of property of the value of more than $25 from a building in the nighttime grand larceny in the first degree. Where the value of the stolen property taken from a building is less than $25 it is grand larceny in the second degree, whether it is done in the day or night.

The other assignments of error are without merit.

Affirmed.